## Albert M. Edwards v. George E. Taliafero and another.

*Stipulations: Evidence: Record: Practice.* A case will not be considered in a court of review in the light of a stipulation of facts alone, where by the record it appears that on the trial a further showing was made.

*Guardians: Mortgages: Probate proceedings: Statute construed.* A mortgage given by a guardian upon the property of his ward, by virtue of proceedings sought to be taken under the statute (*Comp. L. 1871, § 4626*), is void where the probate court nowhere in the course of the proceedings has specified or determined, as required by the statute, the amount, rate of interest, or length of time for which the mortgage was authorized to be given.

*Tax-titles: City tax-lease: Excessive assessment.* A city tax-lease, given on a sale for delinquent taxes, is invalidated by a showing that an excess of over twelve thousand dollars was assessed and spread upon the roll

of the city for that year, and that a portion of the same entered into the amount of taxes for which the property in question sold.

*Heard April 7.    Decided April 18.*

Error to Wayne Circuit.

This was an action of ejectment.    On the trial the following facts were admitted by the counsel for the respective parties, such admissions being recorded by the official stenographer:

1. That the plaintiff claims title in fee to the lot in question; that possession was withheld by defendants from December 1st, 1874, and that at the commencement of suit defendant Meyers was in possession as a tenant under defendant Taliafero, and that the latter claimed title.

2. That on February 10, 1869, defendant Taliafero was a minor under twenty-one; was possessed of the lot in question in fee; that on that day his duly appointed guardian, Virginia Noel, applied to the probate court of the county of Wayne for license to mortgage this lot for the benefit of her ward, the defendant Taliafero.

3. That on the 16th day of March, 1869, license was granted by the probate court, and that the guardian filed a bond, with sureties which were approved by the probate court under the statute, to apply and account for the moneys received.

4. That on the 9th of December following, that is 1869, the guardian executed a mortgage under said authority to the plaintiff, Albert M. Edwards, for six hundred dollars; that on the 11th day of July, 1873, the plaintiff caused the mortgage, then having become due and payable, to be foreclosed by advertisement, and that he became the purchaser of the lot at the foreclosure sale; that the foreclosure proceedings were formal and according to law, and regular.

Both parties introduced evidence also to maintain the issue on their part.    The trial was by jury, and a verdict

was rendered for defendant by direction of the court. The plaintiff brought error.

*Henry M. Cheever*, for plaintiff in error.

*Van Dyke & Brownson* and *F. A. Baker*, for defendants in error.

MARSTON, J:

It is unnecessary to determine what the effect of the stipulation in this case would have been had no other, showing been made on the part of the plaintiff in error, who was plaintiff in the court below. He deemed it necessary to introduce the petition and proceedings in the probate court, authorizing the property to be mortgaged by the guardian of defendant Taliafero, under which plaintiff claimed title. Those proceedings affirmatively showed that the statute had not been complied with. *Sec. 4626, 2 Comp. Laws*, provides that the order of the probate court shall specify the amount to be secured by such mortgage, the rate of interest to be paid, and the length of time for which such mortgage shall be given. The petition was simply for leave to raise five hundred dollars,—no rate of interest or time when to become due was mentioned either in the petition or order, nor was there any report or order of confirmation afterwards, so that the probate court did not in any manner or at any time pass upon these questions. Under such circumstances we are of opinion that the plaintiff acquired no title under the mortgage given by the guardian, and that the ruling of the court below upon this question was correct.

Plaintiff in error also claimed under a tax lease, executed by the comptroller of the city of Detroit upon a sale of the land in question for delinquent taxes for the year 1870. It appears that there was an excess of over twelve thousand dollars assessed and spread upon the rolls of said

city for the year 1870, and that a portion of the same entered into the amount of taxes for which this property was sold.    This rendered the sale invalid.    We do not deem it necessary to consider the other questions raised.

The judgment must be affirmed, with costs, and the record will be remanded to the court below for further proceedings under the statute.

The other Justices concurred.