JOHN W. HAMMONTREE v. CHAUNCEY LOTT AND LEONARD
G. LOTT.

*Bill to quiet title—Parties—Multifariousness—Tax-titles.*

In proceedings to quiet title, persons who have conveyed all their
interest in the premises and who cannot be affected by the result,
are not proper parties defendant. So *held* as to both the grantee
and the heir of an original owner, the first having conveyed the
land under a misdescription that was in the deed to him, while
the last had quit-claimed all her interest in the land itself.

A bill to quiet title filed by a party in possession under Comp. L.,
§ 5072, is not multifarious for joining as defendants persons who
claim title from different sources, where all the titles put in
issue were once in the same defendant and the rest held under
him by a purchase alleged to have been made in bad faith.

A claimant whose only title consisted of a tax-deed and a quit-
claim from a party who denied having any title, sold to his son
for $100, none of which was paid, a parcel worth $1,000. *Held*
that although the same strictness is not always to be looked for
between father and son as between strangers, the burden of
proving that this sale was in good faith and for a valuable con-
sideration was on the parties thereto, in a suit involving the
title, to which they had been made defendants.

A tax-deed is void if a portion of the tax for which it was given
was excessive and invalid.

Appeal from Gratiot.  Heard Jan. 9.  Decided Jan. 21.

BILL TO REMOVE CLOUD FROM TITLE.  The bill claims
that complainant Hammontree has the equitable title to
and is in actual possession of the s. e. ¼ of sec. 5, town
10 n., range 4 w., in Gratiot county, excepting one acre;
that the land was conveyed by the United States to John
McCarty in 1856 and in the same year was sold by him
to John Thorborn for $500, which Thorborn paid, but
that by a mistake the deed described it as lying in town
2 west instead of 4; that by various mesne conveyances
with warranty it came into the complainant's hands in
1875; that McCarty died leaving Mary Jane Irwin his
sole heir, and that in 1868 she executed to Chauncey

Lott, at his request, a quit-claim deed of the land, but at the same time informed him that her father had already sold it, and that she had no title, nor any right to convey it; that in 1870 Chauncey Lott obtained from the Auditor General a tax-deed conveying a tax-title to the land for the taxes of 1863; that in 1871 he conveyed the north half of the land to his son Leonard G. Lott, who paid no valuable consideration for it, and that both knew of the former conveyances from McCarty and his successors, and that Mrs. Irwin had no title in her own right. The bill prays that the deed from McCarty to Thorborn may be rectified; that Hammontree be decreed to have title in fee simple absolute; that it be decreed that defendants hold the conveyance from Mrs. Irwin subject to complainant's rights, and that they convey to him, and that the tax-deed and the claims of complainants be declared void. Defendants demurred on the ground that John Thorborn and Mary Jane Irwin should have been made parties defendant, and that the bill was multifarious. The demurrer was overruled and they answered without oath. The court decreed in favor of complainant and defendants appealed.

*Benton Hanchett* for complainant and appellee. One who neither has nor can have any interest in a controversy as to a title is not a proper party to a bill to quiet the title, *Silver v. Ladd*, 7 Wall., 219; *Johnson v. Towsley*, 13 Wall., 85; *Cummings v. Freer*, 26 Mich., 128; *Moore v. Mandlebaum*, 8 Mich., 444; *Brown v. Lynch*, 1 Paige, 147. Different causes of the same nature between the same parties may be joined when the same relief is prayed, and different titles held by the same persons may be asserted in the same case, *Damouth v. Klock*, 29 Mich., 289; *Scofield v. Lansing*, 17 Mich., 437; *Wales v. Newbould*, 9 Mich., 58; if one person makes use of another's name, and with his consent, to complicate a title, they should be joined as parties to a bill to quiet the title, *Ingersoll v. Kirby*, Walk. Ch., 65; *Morton v.*

*Weil*, 33 Barb., 30; *Fellows v. Fellows*, 4 Cow., 682; *Pierson v. David*, 1 Clarke (Ia.), 31. Parol testimony is admissible, to show mistake in a deed, *Tripp v. Hasceig*, 20 Mich., 263; *Gillespie v. Moon*, 2 Johns. Ch., 585; 1 Story's Eq. Jur., §§ 153, 156. A *bona fide* purchaser is one who buys in good faith for a valuable consideration actually paid without notice of an outstanding equity, *Thomas v. Graham*, Walk. Ch., 117; *Dixon v. Hill*, 5 Mich., 404; *Warner v. Whittaker*, 6 Mich., 133; *Blanchard v. Tyler*, 12 Mich., 339; *Stone v. Welling*, 14 Mich., 525; *Boxheimer v. Gunn*, 24 Mich., 379; *Palmer v. Williams*, 24 Mich., 333; *Fitzhugh v. Barnard*, 12 Mich., 110. A statement by a quit-claim grantor that he has no right to the land is enough to put the purchaser upon inquiry and prevent him from being a *bona fide* purchaser, *Willcox v. Hill*, 11 Mich., 263, and places on him the burden of proving that he paid a valuable consideration, *Dickerson v. Tillinghast*, 4 Paige, 215; *Shotwell v. Harrison*, 22 Mich., 410; *Harris v. Norton*, 16 Barb., 264.

*Randolph Strickland* for defendants and appellants.

MARSTON, J. In this case it was urged that John Thorborn and Mary Jane Irwin should have been made parties defendant. We are of a contrary opinion. Neither one has any interest whatever in the matter in issue between these parties, both having heretofore conveyed all their interest in and to the premises in dispute, and the relief prayed for if granted can in no way affect them or either of them.

The principal object sought is to have it declared that the title which Chauncey Lott acquired from Mary J. Irwin, to the premises in question, he and his son Leonard G. as his grantee of a part thereof, hold in trust for complainant who was the equitable owner and in the possession thereof, and that they be required to convey to him. Neither of these persons who, it is said, should have been made parties, hold or claim any

interest in opposition to the claim made or relief sought by complainant. The complainant claims title to the premises as grantee of Thorborn, who is interested if at all in seeing that the relief sought is obtained. Whatever question might be raised between Thorborn and his grantor on account of the mistake in the conveyance to which they were parties, in no way concerns these defendants who are not in a position in this case to raise any such question, as their rights, neither in the present controversy nor in any that might hereafter arise on account thereof, could in any way be affected thereby.

It is also claimed that the bill is multifarious in that it also asks that a certain tax-deed obtained by said Chauncey Lott upon the lands in controversy should be declared void. The bill is filed by a person in possession, under the statute, to establish and quiet his title to the premises, and it matters not through how many different sources, or under how many distinct and separate instruments defendants claim title thereto, all may be put in issue and disposed of in one case. The complainant cannot be required to file a separate bill to determine the validity of each separate claim of title made by the defendants. This would but create a multiplicity of suits, which is not favored in equity. If these defendants severally claimed title to separate and distinct parcels of this land from different sources, or if defendant Chauncey claimed title to the south half under the deed from Mrs. Irwin, and Leonard G. the north half under the tax-deed, then they could not be joined as defendants in this action, but such is not the case here. *Hunton v. Platt,* 11 Mich., 264. Chauncey Lott, after he had secured the deed from Mary Jane Irwin, and after he had obtained the tax-deed, conveyed a part of the premises to his son, who it is alleged was not a *bona fide* purchaser. Under such circumstances both may be joined as parties defendant.

The principal question in dispute is whether Chauncey Lott purchased in good faith and for a valuable consid-

40 MICH.—25.

eration these premises from Mary Jane Irwin, who was the sole heir-at-law of John McCarty deceased, who was the patentee of these lands from the United States.

McCarty obtained his title from the United States in 1856. The same year he sold the lands to John Thorborn, but in conveying the same they were described as being in range two west instead of four west. In 1859 Thorborn conveyed these lands by warranty deed, and in this and all the subsequent deeds of conveyance the lands were correctly described, and all of these deeds were duly recorded. After Chauncey Lott obtained his tax-deed, he ascertained from an examination of the record that McCarty had not conveyed the premises, and also learning that Mrs. Irwin was his sole heir-at-law, he called upon her for the purpose of obtaining a quit-claim deed, in order, as he claimed, to perfect his title. The premises at this time according to the lowest estimate were worth upwards of $1,000, and for the quit-claim he paid Mrs. Irwin $50. We need not discuss at length the evidence in regard to this transaction. We are satisfied that Mrs. Irwin clearly and distinctly informed him that she had no claim or interest in the premises, her father having long before sold, and as she believed, conveyed the same. She also refused at first to give him a quit-claim deed, because as she alleged, it might injure or wrong some one who might be in possession or claim to own the land, and it was only after defendant Chauncey Lott had given her to understand that he was then owner of the premises under the conveyance made by her father, which had been lost, that she consented to execute the quit-claim deed. The claim now made on the part of the defendants, that Chauncey Lott in his conversation with Mrs. Irwin claimed to be owner of the premises under and in virtue of his tax-deed, and that it was because of this tax-deed she consented to convey to him for a nominal consideration, we think is not true in fact. But few persons, we think, without farther inquiry or examination than was made

in this case, would be willing to make such a sacrifice for any such reason. It has not been customary to consider a single tax-deed of so much value, and we should require more evidence than has been introduced in this case, to satisfy us that this was an exception. We have had occasion to discuss the *bona fides* of similar transactions recently, and a reference to those cases will render any further discussion upon this point unnecessary. *Stetson v. Cook*, 39 Mich.,      ; *Battershall v. Stephens*, 34 Mich., 69; *Hanold v. Bacon*, 36 Mich., 1.

There is no reasonable ground upon which it can be claimed that the defendant Leonard G. Lott is a *bona fide* purchaser of any part of these premises. The consideration said to have been agreed upon was only $100, and we do not find that any part of it was ever paid, either in a settlement of account or otherwise. While the same strictness of dealing may not be looked for between father and son as would be between strangers, yet in a case surrounded like this by suspicious circumstances, it was incumbent upon defendants to show that the sale was made in good faith, and for a valuable consideration actually paid.

It was not seriously disputed but that a portion of the taxes for which these lands were sold and for which the tax-deed was given were excessive and invalid. Under such circumstances the case comes within previous rulings, and the deed must be declared void.

The decree of the court below must be affirmed with costs.

The other Justices concurred.