WAGAR v. BOWLEY.

Vexatious Appeal—Damages.

Where a cause, upon being remanded by the Supreme Court, has been disposed of by the circuit judge in accordance with the opinion then rendered, a second appeal, based upon the same state of facts, and raising only the questions previously determined, is within 2 How. Stat. § 8982, authorizing an award of damages for a vexatious appeal.

Appeal from Osceola; McMahon, J. Submitted April 10, 1896. Decided May 26, 1896.

Bill by Warren A. Wagar and another against Gideon Bowley and others to quiet title under a tax deed. From a decree dismissing the bill, complainants appeal. Affirmed.

*M. A. Lafler*, for complainants.

*C. H. Rose*, for defendants.

Moore, J. This case has been here before, and is reported in 104 Mich. 38. The proceeding is a bill to quiet title, complainants claiming to be the owners of the lands described in the bill by virtue of tax deeds. Defendants claim to be the owners of the original title, and also claim the tax deeds are void, because of irregularity in levying the tax. The case was sent back for trial, because the pleadings were not so framed as to admit the testimony offered on the part of defendants. In the opinion rendered by Mr. Justice Montgomery, it was said:

"It is unnecessary to discuss at length the evidence offered to show the invalidity of the tax. There was testimony which tended to show that there was included in the tax levy $200, illegally added to the salary of the

judge of probate. If this should be proven on a new trial, it would be sufficient to avoid the tax deed of 1875. *Douvielle* v. *Board of Supervisors*, 40 Mich. 585; *Silsbee* v. *Stockle*, 44 Mich. 561; *Hammontree* v. *Lott*, 40 Mich. 190; *Lacey* v. *Davis*, 4 Mich. 140; *Case* v. *Dean*, 16 Mich. 12; *Edwards* v. *Taliafero*, 34 Mich. 13. The deeds for the other years are admitted to be void. The case will be remanded, with leave to defendants to amend their answer, setting up defects claimed to exist in the proceedings taken to spread the tax. The testimony taken may stand, provided the complainants shall be given the right to cross-examine defendants' witnesses."

The pleadings were amended in the court below. The same proofs were introduced in evidence on this trial as in the former trial. The defendants produced in court, for cross-examination, their witnesses. The complainants declined to cross-examine them. No new proofs were taken. The circuit judge dismissed the bill, for the reason that the tax deed of 1875 was void, as stated in the opinion of Justice MONTGOMERY. The complainants appealed.

It is difficult to say why they have appealed, unless it is to vex and worry the defendants. They have not cited an additional authority, or suggested a new argument. The solicitor for defendants asks for damages because of a vexatious appeal, as provided by 2 How. Stat. § 8982. We think the case comes within the provisions of that statute. *Campau* v. *Campau*, 25 Mich. 131; *Heath* v. *Waters*, 40 Mich. 473.

We therefore affirm the decree of the court below, with the costs of both courts, and with $30 damages against complainants for their vexatious appeal.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.