## CHARLES D. BLANCHARD v. GEORGE W. POWERS.

| 42 | 619 |
| 75 | 186 |

*Tax-titles—Impeachment of supervisor's certificate of valuation.*

The validity of a tax-title, especially if it be of long standing, cannot be impeached in an action of ejectment against the holder by parol evidence to show the falsity of the supervisor's certificate of valuation attached to the assessment roll.

The absolute illegality of a tax may be shown in proceedings to enforce it, and it cannot be cured by proof that if the valuation had been correct, the tax would have been legal.

A supervisor's official certificate of valuation is legal evidence in Michigan in collateral proceedings involving the validity of the tax, and cannot be contradicted by parol evidence.

It is the policy of the law in Michigan that after the holder of a tax-title has recorded it and held possession for many years, the holder of the original title cannot question the tax-title in collateral proceedings as in an action of ejectment.

Error to Kent.    Submitted Jan. 16.    Decided Feb. 11.

EJECTMENT.    Plaintiff brings error.

*Henry M. Duffield* for plaintiff in error.    All assessments on property shall be at its cash value, Const., art. xiv., § 12; *Motz v. Detroit,* 18 Mich., 517; the supervisor in assessing land is confined to the mode prescribed by law, *Treadwell v. Com'rs,* 11 Ohio St., 183; *Com'rs v. Cox,* 6 Ind., 403; *Hoover v. Hoover,* 5 Blackf., 182; *White v. Conover,* id., 462; *Murphy v. Napa County,* 20

Cal., 497; *Church v. Hubbart*, 2 Cr., 187; *Bank of Augusta v. Earle*, 13 Pet., 587; *Thomson v. Lee County*, 3 Wal., 327; statutes for the assessment and collection of taxes are mandatory in what they prescribe for the protection of tax-payers, *Clark v. Crane*, 5 Mich., 151; *Smith v. Crittenden*, 16 Mich., 152; *Wall v. Trumbull*, id., 228; *Case v. Dean*, id., 12; *Scofield v. Lansing*, 17 Mich., 437; *Hoyt v. East Saginaw*, 19 Mich., 39; a tax assessed on any but a cash valuation is void, *Schettler v. Fort Howard*, 43 Wis., 48; *Hamilton v. Fond du Lac*, 25 Wis., 490; *Milwaukee Iron Co. v. Hubbard*, 29 Wis., 51; *Hersey v. Supervisors*, 37 Wis., 75; *Marsh v. Supervisors*, 42 Wis., 509.

*Mark M. Powers* for defendant in error. The certificates required of an officer in the performance of official duty are to be taken as true in the proceeding in which they are made and cannot be attacked collaterally, Cooley on Taxation, 195–6; *Brown v. Davis*, 9 N. H., 81; *Eastman v. Bennett*, 6 Wis., 243; *Benjamin v. Hathaway*, 3 Conn., 530; *Saxton v. Nimms*, 14 Mass., 314; an agreement among the assessors of a district to assess property at about one-third its value, if faithfully carried out, is not unjust to the tax-payers and furnishes no ground for restraining the collection of the tax, *Dean v. Gleason*, 16 Wis., 1; parol evidence was admitted to contradict a sheriff's return in a bill to enjoin the collection of an execution (*Owens v. Ranstead*, 22 Ill., 161) but not in a proceeding to divest the title of third persons obtained many years before in reliance on a judicial decree, *Rivard v. Gardner*, 39 Ill., 129; neglect to have the tax-roll corrected amounts to acquiescence in the assessment, *New Orleans v. Rousseau*, 11 La. Ann., 195; if errors are not pointed out in the mode and within the time prescribed by law, the assessment will be enforced, *State v. Louisiana Mut. Life Ins. Co.*, 19 La. Ann., 474; and errors cannot be corrected after judgment and sale, *Daily v. Newman*, 14 La. Ann., 581; *State*

*v. Smith Steamboat Co.*, 13 id., 497; the remedy for errors in valuation is by appeal to the commissioners, *State v. Danser*, 23 N. J. L., 552; *State v. Platt*, 24 N. J. L., 108; *State v. Powers*, id., 406; *Wharton v. Birmingham*, 37 Penn. St., 371; and one who appeals is bound by the judgment of the statutory authorities, Cooley on Taxation, 529; *Williams v. Holden*, 4 Wend., 227; a supervisor's certificate of equalization cannot be disputed, *Attorney General v. Sanilac Supervisors*, 42 Mich., 72; a tax-payer cannot complain of a valuation which, though incorrect, charges him with a just proportion of the tax assessed, *Chicopee v. Com'rs*, 16 Gray, 38.

GRAVES, J.   Blanchard brought ejectment for the west half of the northeast quarter of section nineteen, in township nine north of range eleven west.   The case was tried before a jury in July last, and under the instruction of the court the jury found for the defendant.   A review is asked on writ of error and bill of exceptions.

The plaintiff proved a chain of title to himself from the United States.   The defendant gave in evidence the record of a deed from the Auditor General to one Simpson for the taxes of 1857, and also evidence of the transfer of Simpson's interest to himself.   The Auditor General's deed had been on record over nineteen years.   To rebut the defense based on this tax-title the plaintiff called to the stand the gentleman who was supervisor in 1857, and who identified the assessment roll and the certificates attached, both of which were in due form, and offered to show by him that he estimated all the property, including the land in question, and placed it on the roll at one-third its full cash value, and spread the taxes with that valuation as the basis.   The circuit judge excluded the offered evidence, and this ruling presents the only question in the record.

The tax proceedings were under the act of 1853 (Laws 1853, p. 128), and by the twenty-fifth section the supervisor, after reviewing and completing the roll, was required

to attach his certificate that he had estimated the real estate at what he believed to be the true cash value thereof, and by subsequent sections the board of supervisors, after correcting descriptions and seeing that the relative valuation in the respective townships was equally and uniformly estimated, were required to certify by their chairman their ratification of the roll in the particulars confided to them. As already suggested, the roll in question was accompanied by certificates in precise conformity to the statute.

Was it competent on the issue between these parties in ejectment, to dispute and impeach by parol evidence the public record, and show that the certificate made by the supervisor under his oath of office was false? The plaintiff's counsel urges that it was, and he cites several cases as authority. The first is *Wattles v. The City of Lapeer*, 40 Mich., 624. This case has no application. The city sued to collect an alleged tax, and Wattles resisted on the ground that the claim against him was illegal and that he was not indebted for any tax, and it appeared his position was correct. Comparing the attempted levy with the valuation on which it was based and it appeared that it exceeded the charter limit and was a piece of usurpation. The right of the defendant to resist the action brought to enforce the alleged tax by showing its illegality is self-evident. It came out incidentally that instead of complying with the law and estimating the property at the true cash value, the assessors set it down at one-fourth of such value, and that if they had obeyed the law the tax would not have been excessive. But this circumstance could not aid the proceeding. One fault could not be mended by another.

The other authorities chiefly relied on are cases by the Supreme Court of Wisconsin. They have been examined, and they are found not to sustain the position now taken. Expressions are noticed in some of them which if wrested from the context might possibly afford some countenance to the claim here. But when they are con-

sidered in connection with the issue presented and the bias of the discussion, they cannot afford any aid. In every instance the contention was between the proprietary and the public authorities, and the action or suit or whatever it should be called, was instituted or maintained or carried on to annul or enjoin the alleged tax for some kind of illegality of the public agents, and the issue was directly upon the validity of the proceedings, and where consequently the matter of the proceedings could not be set up to prove validity. Moreover, the question was not only between the property-holder and the public authorities who were seeking to fasten a burden upon him, but it was raised seasonably and without laches, and before the attaching of any rights of third persons. It belonged to the very object of the inquiry to see whether what purported to be a lawful record was in truth one having the property of verity, or whether it was invalid and not entitled to credence.

There is a striking analogy between such a proceeding which directly questions the legal fitness of the thing to exist, and the proceeding by writ of error and bill of review, and the distinction is well marked between the right to impeach proceedings when so assailed, and when attacked collaterally and after the transaction has become closed and time has run upon it and new rights have grown up on the faith of its rectitude. Every system of jurisprudence has recognized the principle, and it pervades the whole policy of our laws. Our revenue code has always been shaped with reference to it.

The case before the court stands on entirely different ground. After the lapse of more than twenty years from the sale, and after the deed had been on record nearly that period, and after the holder of the tax-title had gone into possession and held for some time, the holder of the original title began this action of ejectment, and he asserts therein the right to do away with the sworn official certificate of the supervisor by his present recollection as a witness.

There is no general rule of law which will permit this to be done. On the contrary the course of decision is opposed to it. Cooley on Taxation, 195. And there is no case by this court to lend it countenance, and no statutory provision to warrant it. So far from it, that the policy of the act of 1853, as that of the later statutes, favors the stability and repose of tax-titles, and discourages their being brought into question by collateral proceedings. The importance and sanctity accorded to the certificate of the supervisor are implied in the statute and acknowledged by our decisions. *Clark v. Crane,* 5 Mich., 151; *Warren v. Grand Haven,* 30 Mich., 24.

The statute contemplates that there shall be written evidence of record, and in the form of this official certificate, that the estimate of the real estate has been at what the supervisor believed to be the true cash value, and when such evidence has been made and preserved in the manner prescribed by law, it is the legal medium of proof in collateral proceedings, and is entitled to prevail therein to the exclusion of oral evidence in contradiction. To permit the contrary would amount to a surrender of the kind of evidence provided by statute, in favor of another and very inferior kind and of most uncertain character. The effectiveness of official certificates and the stability of titles would depend upon what after many years could be shown against them by the recollections of witnesses. As serving to illustrate the policy of the act of 1853, against the right of parties to lie by and then question the validity of proceedings to the injury of purchasers and the detriment of the public, and not to intimate any opinion whatever respecting its force or validity, a part of the 89th section is noticeable. It is there provided that in case a sale is not canceled pursuant to law by the Auditor General, or annulled by some court of competent authority, the deed after being on record five years shall be positive evidence of title.

Without extending the discussion further, I am of opinion that the circuit judge committed no error, and that the judgment should be affirmed with costs.

The other Justices concurred.