James Gamble, David A. Duncan and Frank A. Brewer v. The City of East Saginaw.

*Illegal assessments—Certificate of valuation—Tax-sale.*

In a bill to remove a cloud caused by a tax-sale, an averment that the assessor did not make any legal or valid assessment, does not point out a specific defect, and an averment that he had no right, authority or jurisdiction to assess the amount actually assessed, is not an averment of fact, and gives no information as to the real ground of complaint.

The supervisor's certificate of valuation attached to an assessment roll, cannot be contradicted in any proceeding to enforce the tax.

Dismissal of a bill to clear a title clouded by tax-sales does not prevent a defense at law against the tax-titles.

Leave, on dismissing a bill, to sue again in equity should not be granted without some equitable reason, and is properly denied where the amount involved is trifling and there is a legal remedy.

Where complainant in a bill to remove a cloud caused by a sale for a city tax had been a city official connected with the tax business when it was levied, and had bought afterwards and expressly subject thereto, he may be presumed to have been allowed to retain enough of the consideration to pay it, and has no equity to entitle him, on dismissal of his bill, to have leave to file another.

Appeal from Saginaw. Submitted April 16. Decided April 21.

BILL to remove cloud from title. Defendant appeals.

*Wisner & Draper* for complainants.

*Lawson C. Holden* and *Wm. L. Webber* for defendant.

CAMPBELL, J. Complainants filed their bill to remove what they alleged to be a cloud upon their title to certain lands bid in by the defendant for city taxes of 1877 and 1878.

The defects set out in the bill specifically consisted of certain changes in the rolls, which were not proved. But testimony was brought in to show that taxes were levied for some purposes without regular authority, that larger amounts were charged than the fair proportion of the lands, and some illegal charges were made, and irregular forms of notice. The whole amount of taxes for which the sales were made was between twelve and thirteen hundred dollars. The amount in excess is claimed to have been somewhere from $15 to $20.

The only tangible averments in the bill on which proof was introduced were very few. The averment that the assessor did not make any legal or valid assessment in either year does not point out any specific defect. The one sought to be proved was that the lands were not valued at their true value. But it is not claimed there was not a formal certificate that they were so valued, and where the proper certificate appears on the roll, it cannot be contradicted in any proceeding to enforce the tax. *Blanchard v. Powers* 42 Mich. 619. The averment

that the assessor had no right, authority or jurisdiction to assess the lands for the amount he did assess on them is not an averment of fact, and presents no information to the defense concerning the real ground of complaint. There are no other averments which could support the complaint.

The bill, not presenting any intelligible cause of grievance which has been made out by proof, must be dismissed. Complainants, however, desire that if dismissed it should be without prejudice.

Its dismissal cannot, of course, prevent any defense at law against the tax-titles. But to entitle a party who has failed in equity to ask leave to begin over again, there should be some equitable reason for the indulgence. It does not seem to us that any such reason exists. There are some reasons to the contrary. We do not care to examine into the force of the irregularities set up. There may possibly be legal objections to some of the taxes. But the amount, if any, in excess of what might have been legally collected is so small that the expense of chancery proceedings ought not to be twice inflicted because of it. Moreover, one of the complainants was a city official connected with the tax business when these taxes, or some of them, were levied. The complainants bought the land after the taxes had become charged and took expressly subject to them, and it may therefore be presumed were allowed to retain enough of the consideration to pay them.

We think, therefore, that under all the circumstances there is no very good reason why they should not be left to their legal remedies.

The decree must be reversed and the bill dismissed with costs of both courts.

The other Justices concurred.