| 43 | 421 |
| 81 | 532 |

| 43 | 421 |
| 104 | 645 |

## THE FARMERS' MUTUAL FIRE INSURANCE COMPANY OF BARRY AND EATON COUNTIES v. OSCAR CRAMPTON.

| 43 | 421 |
| 106 | 451 |

*Fire insurance—Over-valuation—Burning by assured.*

| 43 | 421 |
| s5NW | 447 |
| 129 | [3]519 |

In an action on an insurance policy it is proper to cross-examine the plaintiff as to whether a fraudulent over-valuation of the property was not given at the time he applied for the policy.

| 43 | 421 |
| 139 | 228 |

Notice of special defense attached to a plea of the general issue, is not required to be as precise as special pleading.

In assumpsit on an insurance policy, a notice attached to the plea of the general issue that defendant would show. that plaintiff was guilty of fraud in procuring the insurance, is sufficient if it fairly apprises the plaintiff of the defense to be set up.

Where defendant in an action on a fire insurance policy claimed that plaintiff himself set fire to the property, it was *held* proper to show that money belonging to the plaintiff, and personal property belonging to near relations of his, was destroyed; also, that the value of the property destroyed far exceeded the insurance.

Where it was claimed in defense to an action on a fire insurance policy that the plaintiff himself set fire to the property, statements made by him before the fire, to third persons, to the effect that he was going away were inadmissible; so also was plaintiff's evidence as to why he went and where he was on the night of the fire.

In assumpsit on a fire insurance policy where the defense is that plaintiff himself burned the property, testimony tending to show that he had loose notions respecting the destruction of insured property is material, though the weight of such testimony might depend on whether he had expressed such views lately or long before.

Error to Eaton. Submitted April 21. Decided April 28.

ASSUMPSIT on insurance policy. Defendant brings error.

*I. D. McCutcheon* and *M. V. & R. A. Montgomery* for plaintiff in error.

*E. A. Foote* and *R. W. Shriner* for defendant in error.

MARSTON, C. J.   The offer to show on cross-examination of the plaintiff a fraudulent overvaluation of the property insured at the time he made his application should have been admitted.   Notice was given with the plea of the general issue that the defendant would give in evidence that the plaintiff was guilty of fraud in procuring the insurance.   The accuracy required in special pleading has never been applied to a notice of special defense, and to so hold would defeat the very object in view in thus simplifying the rules of pleading.   It is sufficient if such a notice fairly apprises the plaintiff of the defense that will be set up, and we are of opinion that when so tested the notice in this case was sufficient. We need not therefore pass upon the question whether such a defense could be shown under the general issue.

The evidence offered to show that a certain amount of money belonging to the plaintiff, and personal property of near relatives of his, was in the house and destroyed by the fire, was, we think, admissible.   It was expressly stated that plaintiff did not seek to recover for the property or money so destroyed, or any part thereof, but that as the defense claimed that the plaintiff had set fire to the building such evidence was admissible as bearing upon the improbability of such being the case.   If the building and contents thereof far exceeded in value the amount of insurance, such would be strong testimony in favor of the loss being an honest one, as it is not to be supposed that a person will willfully set fire to his own property and destroy the same under such circumstances. Nor is it at all probable that one would attempt to destroy the property of a relative with whom he was on friendly terms when neither could be the gainer thereby.

Evidence of statements made by the plaintiff to third parties, previous to the loss, that he was going to Detroit, and his object in going there on the morning of the day previous to the fire, and where he stayed the night of the fire, was inadmissible. This evidence is covered and excluded by what was said in *Elliott v. Van Buren* 33 Mich. 49.

The court erred in striking out the testimony of Levi and Fanny Crampton, which tended to show that the plaintiff had rather loose notions respecting the destruction of property insured, and also tending to show that he burned the property in question. That the latter was material and important evidence is not disputed; it is claimed such evidence was not stricken out. Upon this there may be some question. There is none however but that the other was. The time when such statements were claimed to have been made may have affected the weight thereof. If made shortly before the fire, such evidence would have more force than if made long previous thereto. This however would not go to the admissibility thereof, but rather to the weight to be given it by the jury.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.