WARREN A. WAGAR AND SAMUEL BRANDOW v. GIDEON BOWLEY ET AL.

*Equity pleading—Quieting title—Opening case for further proofs —Tax deed.*

1. The bill in a suit to quiet title charged that the complainants' title was derived under a tax deed issued to them by the Auditor General. And it is held that, if the defendants de-

sired to impeach the *prima facie* valid title set up in the bill, they should have set forth specifically in their answer facts which, if proved, would defeat the tax sale.

2. Upon the petition of the defendants, which failed to set forth the facts sought to be proved, the case, which had been submitted, was reopened, and defendants were permitted to introduce proofs to impeach the validity of the tax deed. And it is held that the practice pursued was so far irregular and unwarranted that the decree granted the defendants ought not to stand.

3. Under the statute in force in 1875 (Acts No. 140 and 197, Laws of 1873) which provided that the judge of probate should receive an annual salary in full for all services rendered, to be fixed by the board of supervisors at a sum not exceeding $1,500, except in the county of Wayne, where it should be $2,750, an increase by the board of supervisors of the salary of the judge of probate, which had been fixed at a previous session of the board, and the including of such increase in the tax levy for said year, will avoid a tax deed issued upon the sale of land for the taxes assessed thereon for said year.

Appeal from Osceola. (Judkins, J.) Argued January 9, 1895. Decided February 12, 1895.

Bill to quiet title. Complainants appeal. Decree reversed, and record remanded. The facts are stated in the opinion.

*M. A. Lafler,* for complainants.

*C. H. Rose* (*C. M. Beardsley,* of counsel), for defendants.

MONTGOMERY, J. This suit was instituted to quiet the title to 80 acres of land in the county of Osceola. The bill alleges that the complainants are owners, deriving title under deeds from the Auditor General on sales of the land for taxes for the years 1872 to 1880, both inclusive; that complainants are in possession; that defendants set up a title adverse to complainants. The answer admits the sale of the land for taxes as charged in the bill, and denies

" that by said deeds any title whatever passed to said complainants, or that any interest thereto in said premises passed or was conveyed to said complainants by said deeds." The answer nowhere sets out any facts tending in any way to impeach the validity of the tax deeds. Defendants did set out, however, ownership in themselves by title derived from the government. On the trial defendants sought to introduce testimony tending to show the invalidity of the tax deeds, whereupon complainants objected on the ground that the alleged errors in the proceedings were not set up in the answer. This objection was overruled, and the case proceeded. After the proofs were closed and the case submitted, defendants submitted an application to open the proofs and to introduce additional testimony, which application was granted. The application stated that, as to the tax title of 1875, the only objection actually raised was one touching the mill tax, which defendants' counsel at the time considered excessive, and that said objection was raised on the theory that the mill tax should have been spread upon the assessed and not upon the equalized valuation of the township, but that on a thorough investigation of the statute in force he had reached the belief that the mill tax was properly assessed upon the equalized valuation of the township. It further sets out that in preparing his brief for the trial of the cause he had noted other objections to the tax deed of 1875, but that through the fault of his clerk that portion of his brief was mislaid, and that for this reason the questions had not been raised. These statements in the application were quite as general as were those in the answer. There was nothing to apprise the court or the complainants of the facts which defendants would seek to prove in case the application should be granted. After the granting of the application, notice was served on complainants' solicitor of taking further testimony, and, he declining to appear, the defendants put in

the testimony upon which they now rely to show the invalidity of the tax.

We think the practice pursued. in this case was so far irregular and unwarranted that the decree ought not to stand. The title set out in complainants' bill was *prima facie* valid, and if defendants desired to impeach this title it was their duty to set up specifically their objections, and set up facts which, if proven, would defeat the tax sale. *Griffin v. Dogan*, 48 Miss. 11; *Meeks v. Whatley*, 48 Id. 337; *Belcher v. Mhoon*, 47 Id. 613. See, also, *Gamble v. East Saginaw*, 43 Mich. 367; Jenn. Ch. Prac. 79; *Match v. Hunt*, 38 Mich. 1; *Dale v. Turner*, 34 Id. 405; *Fosdick v. Van Husan*, 21 Id. 567; *Van Dyke v. Davis*, 2 Id. 144. It is in general within the discretion of the trial judge to open a cause for further proofs at any time before decree, and such discretion will not be reviewed where the power exists, except in case of abuse. But where a party seeks to open a case to set up proof of facts not set out in the pleadings in such manner as to have entitled him to introduce the testimony in the first instance, and fails in his petition to point out what the testimony sought to be offered will show, we think that it is an excess of power to open the case.

Complainants discuss other questions. They insist that, as defendants claim under a quitclaim deed from a party not in possession, they cannot be deemed good-faith purchasers. We are unable to see how any such question is involved in the present case. The sole question which would be open, were the pleadings so framed as to admit of its consideration, is whether the complainants' tax title is valid, as, if it were not, no case is made against the defendants' title, which was derived from the government. Under our statute (How. Stat. § 5657), the fact that the land was in possession of complainants at the time of the

deed to defendants conveying the government title does
not invalidate the deed.

It is unnecessary to discuss at length the evidence offered
to show the invalidity of the tax. There was testimony
which tended to show that there was included in the tax
levy $200 illegally added to the salary of the judge of pro-
bate. If this should be proven on a new trial, it would
be sufficient to avoid the tax deed of 1875. *Douvielle v.
Board of Supervisors*, 40 Mich. 585; *Silsbee v. Stockle*, 44
Id. 561; *Hammontree v. Lott*, 40 Id. 190; *Lacey v. Davis*,
4 Id. 140; *Case v. Dean*, 16 Id. 12; *Edwards v. Taliafero*,
34 Id. 13. The deeds for the other years are admitted to be
void.

The case will be remanded, with leave to defendants to
amend their answer, setting up defects claimed to exist in
the proceedings taken to spread the tax. The testimony
taken may stand, provided the complainants shall be given
the right to cross-examine defendants' witnesses. Com-
plainants will recover costs of this Court. Costs of the
court below will abide the final event.

The other Justices concurred.