ARCHIBALD P. McKINNON v. ELDEN MESTON.

*Taxes—Conclusiveness of deed—Replevin—Title to land—Possession—Evidence.*

1. It is not within the power of the Legislature to deny the right to defend against a tax deed by declaring that it shall be conclusive evidence of title in fee in the grantee; citing *Taylor v. Deveaux,* 100 Mich. 581.

2. The doctrine adhered to by the courts of several of the states that, in an action of replevin for logs, evidence on the part of the defendant that the logs were cut while he was in the *bona fide* and actual possession of the land from which they were taken, under a claim of title adverse to that of the plaintiff, precludes an investigation of defendant's title in said suit, has been repudiated in this State; citing *Keyser v. Sutherland,* 59 Mich. 466; *Busch v. Nester,* 62 Id. 382, 70 Id. 529; *Wilson v. Hoffman,* 93 Id. 74.

3. A *bona fide* and actual possession of wild lands is not clearly established by testimony tending to show that the party making such claim occupied a shanty on the land while removing timber therefrom, it not appearing who built the shanty, nor what the purpose was for which it was built, and there being a doubt as to the shanty's being upon the land from which the timber was removed.

4. Testimony by the father of the claimant that he once heard his son say that he calculated to buy an adjoining parcel of land, and make a home of the two parcels, was hearsay, and inadmissible; citing *Elliott v. Van Buren,* 33 Mich. 49; *Insurance Co. v. Crampton,* 43 Id. 421.

Error to Otsego. (Sharpe, J.) Submitted on briefs February 13, 1895. Decided April 16, 1895.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Marshall & Townsend* (*Frost & Sprague,* of counsel), for appellant.

*W. A. Harrington* (*Lanning & Lyon*, of counsel), for defendant.

HOOKER, J. The plaintiff replevied certain logs, which defendant had cut and removed from wild lands of which the plaintiff held a patent from the State. The court directed a verdict for the defendant, apparently upon the ground that the undisputed testimony showed him to have been the owner of the premises under a tax deed, and in possession under an adverse claim, at the time the timber was cut.

The tax deed was received in evidence, and was a deed from the county treasurer to the defendant for the taxes of 1884, 1885, 1886, and 1887, said lands having been bid off to the State for the taxes of these years, and sold to the defendant by the State in 1892. Treasurers' receipts were received in evidence, against the plaintiff's objection and exception, for the purpose of proving payment by the defendant of the taxes for 1888, 1889, 1890, 1891, and 1892. It was said that the object was to show good faith. The defendant was not sworn. His brother testified that—

"At the time the logs were cut, during the winter, I worked for my brother, the defendant, and he was in possession of the land aforesaid. I think he took possession of the land in 1892. It was after the tax deed was issued to him."

On cross-examination he said:

"What I mean in saying that defendant was in possession of the land is, he was living on the place, and had a tax deed of the place, that I know of. He went on the land to cut the timber and clear off a piece. During all this time he lived on the place. He lived there about four months. He built a log shanty. He took cooking utensils there to cook meals for us. He did not sleep there all of the time, but slept a part of the time at his father's house while hauling logs. He was sleeping on the place while cutting the timber, and part of the time while hauling it. The logs were replevied before he got through

hauling. Defendant chopped off a piece between a quarter and a half acre. It was not for the purpose of getting timber to build a house. He slept on the land only a few nights after the logs were replevied, and since then has been away. He is not a married man."

The defendant's father testified that "at the time of cutting the logs the defendant was in possession of the land." He also said that he once heard defendant say that he "calculated to buy a forty that lay beside this land, and make a home of the two forties."

The plaintiff had previously testified that he heard logs were being cut on this land on January 15, 1893, and went there. He found "no one in possession in particular. The logs were all cut and on the roll-ways, and part were hauled up to the farm." The defendant was with him, and said he thought the tax title was good, but the chances were that he would fix it up. The plaintiff marked the logs. He saw a shanty there, but thought it was not on the land. He said that the defendant "did not say anything about being in possession of the property, no more than he claimed to cut it." The land was only valuable for the timber.

The testimony raises questions of fact as to the actual possession and the defendant's good faith in his claim of title. These are unimportant if his tax deed was valid. Counsel for the plaintiff sought to show that the tax proceedings for 1887 were void, because there was no dollar sign in the column in the decree, and no report of the county treasurer of his proceedings under the decree. The court excluded this testimony, holding that the validity of the deed could not be attacked in this proceeding. The objection made was that the deed was conclusive evidence of title, under the statute;[1] but this was held otherwise in *Taylor v. Deveaux,* 100 Mich. 581.

---

[1] 3 How. Stat. § 1170*g*6.

It should be stated that our understanding is that the court did not base his ruling upon the statute, but upon the ground that the evidence showed a *bona fide* possession by the defendant under an adverse claim that precluded an investigation of title. If right in his view of the facts and law relating to that point, he properly declined to listen to proof in regard to the tax deed. The courts of several states adhere to the doctrine relied upon by counsel for the defendant, but it seems to have been repudiated in Michigan. *Keyser v. Sutherland*, 59 Mich. 466; *Busch v. Nester*, 62 Id. 382, 70 Id. 529; *Wilson v. Hoffman*, 93 Id. 74.

We think, furthermore, that *bona fide* and actual possession was not clearly established. Not only did the defendant refrain from testifying, but the testimony given showed that he merely occupied a shanty while removing the timber. It does not appear who built the shanty, nor is the purpose for which it was built stated, and it may be doubted if it was upon the land from which the timber was cut. There was ample opportunity for the jury to find that the alleged possession was a subterfuge, and that the defendant was a trespasser merely if his tax title was invalid.

The statement of defendant's father that he had once heard his son state his intention to make a home, etc., was hearsay, and inadmissible. *Farmers' Mut. Fire Ins. Co. v. Crampton*, 43 Mich. 421; *Elliott v. Van Buren*, 33 Id. 49.

It follows that the judgment must be reversed, and a new trial directed.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred with HOOKER, J. GRANT, J., concurred in the result.