### CASE v. SKINNER.

1. TAX SALES—VALIDITY OF DECREE—COLLATERAL ATTACK.
   The question of the validity of the decree in a tax proceeding, because it does not show an adjudication of any sum of money against the land, may be raised in a suit to set aside the deed based upon the decree.

2. QUIETING TITLE—POSSESSION.
   Possession of land which is only such as is incident to the removal of timber therefrom is not such possession as will prevent an adverse claimant from maintaining a bill to quiet his title.

Appeal from Gratiot; Dodds, J., presiding. Submitted June 8, 1899. Decided September 12, 1899.

Bill by Richmond E. Case against Abel L. Skinner to set aside a tax deed. From a decree for complainant, defendant appeals. Affirmed.

*George P. Stone (Kelly S. Searl*, of counsel), for complainant.

*John T. Mathews (E. H. Lyon*, of counsel), for defendant.

HOOKER, J. The complainant, being owner of the government title of the premises in controversy, consisting of wild land, filed the bill in this case to restrain the defendant from removing the timber therefrom, and to remove a cloud from the title, growing out of a tax deed held by the defendant.

The decree upon which defendant's deed rests is alleged to be void because it does not show an adjudication of any sum of money against the land. We do not see that this is disputed, but it is claimed that the question cannot be raised in this suit; but it is held otherwise in the cases of *Millard* v. *Truax*, 99 Mich. 157; *Taylor* v. *Deveaux*, 100 Mich. 582; *McKinnon* v. *Meston*, 104 Mich. 644; *Dawson* v. *Peter*, 119 Mich. 274.

It is contended, further, that the bill should be dismissed because it appears that the defendant was in possession when the bill was filed, and therefore entitled to a trial of his right in a court of law. We are satisfied from the proofs that defendant's alleged possession was only such as was incident to removing the timber, which he appears to have prepared to do before he obtained his tax deed, and proceeded with expeditiously. As in the case of *McKinnon* v. *Meston, supra*, we think the court was justified in finding that the defendant was not in possession.

The decree of the circuit court is affirmed, with costs.

The other Justices concurred.