CHICAGO BUILDING & MANUFACTURING CO. v. YELL.

1. PLEADING — NOTICE OF SPECIAL DEFENSE — APPEAL FROM JUSTICE'S COURT.

Notice under a plea of the general issue in justice's court, that defendant will show "fraud and misrepresentation" in securing the instrument sued on, will be treated as sufficient, where no objection was raised thereto until evidence was sought to be introduced under it on the trial at the circuit.

2. FRAUD—EVIDENCE.

It is competent in an action on a subscription, under a defense of fraud, to show that defendant was uneducated, and that, on his insisting that his name be taken off, the persons obtaining his subscription gave him a letter to his wife, saying that if she would keep quiet, and give them a chance to do so, they would get some one to take another share, and then not collect from defendant.

Error to Emmet; Shepherd, J. Submitted January 10, 1902. Decided March 4, 1902.

*Assumpsit* by the Chicago Building & Manufacturing Company against John Yell upon a subscription for stock. From a judgment for defendant, plaintiff brings error. Affirmed.

*Clare J. Le Roy*, for appellant.

*W. A. Seegmiller*, for appellee.

HOOKER, C. J. The plaintiff brought an action before a justice of the peace to recover the sum of $100 upon defendant's subscription to a creamery project. The defense was made under the following notice, appended to a plea of the general issue:

"*To the Above-Named Plaintiff—Sir:* Please take

notice that on the trial of the above cause the defendant will give in evidence and insist on as a defense:

"1. Fraud and misrepresentation used in securing the subscription.

"2. Written release from the obligation of the purported contract.

"3. Knowledge of the said fraud and misrepresentation and of the said release on the part of the above-named plaintiff before its purchase of the said purported contract."

We are not advised that any question was raised over the sufficiency of this notice until proof was offered in support of it at the trial in the circuit court. The subscription was obtained by one Darrah, acting for an alleged firm of R. E. Sturgis & Co.; and according to the testimony of the defendant, who stated that he could not, read, his name was written by Darrah, upon the understanding by him that he was stating the number of cows or amount of milk that he would keep to furnish milk for the projected creamery; that he was asked to go with Darrah to get others to sign, and did so, and in the course of talks with such men his suspicions were aroused, and, after talking with his wife, he, upon the next day, saw Darrah and Sturgis, who were in Petoskey, and insisted on having his name taken off. They said they could not do that, but finally gave him a paper writing, which reads as follows:

"PETOSKEY, MICH., December 17, 1900.
"Mrs. JOHN YELL,
          "Petoskey.

"*Dear Madam:*  In regard to the share of stock subscribed by John to the Petoskey Butter Factory, if you will keep quiet, and give us a chance to do so, we will get some one to take another share of the stock, and then not collect from Mr. Yell when it comes due.

                              "JOHN E. DARRAH."

This was given by direction of Sturgis. The plaintiff claims to have purchased the subscription, which amounts to a contract between Sturgis & Co. and the subscribers to build a creamery. Upon the trial the learned circuit

judge declined to permit the jury to find a release, but submitted the question of fraud, and admitted the alleged release as evidence bearing upon that question. The jury found a verdict for the defendant, and the plaintiff appealed.

The important assignments of error relied upon are: (1) That it was error to admit proof of fraud for want of sufficient notice; (2) that there was no evidence tending to prove fraud. The notice was not full, but it was a justice's court pleading, and the first trial must have fully apprised the plaintiff of the defendant's claim. Pleadings made up in justice's court are treated leniently, and where, as in this case, a plaintiff, with knowledge of the informality and of the defense made in justice's court, chooses to go to trial without objection to the pleading, he will not be permitted to take advantage of the informalities of the notice by preventing the introduction of proof under it. An amendment would be a matter of course in such a case. The plaintiff has suffered no injury, and the case should not be reversed on this ground. *Farmers' Mut. Fire-Ins. Co.* v. *Crampton*, 43 Mich. 421 (5 N. W. 447); *Briesenmeister* v. *Supreme Lodge K. of P.*, 81 Mich. 533 (45 N. W. 977). In the latter case it was said that the notice was very general, but that it fell within the rule above stated; and, inasmuch as the record contained no intimation that the plaintiff was surprised by the testimony introduced under it, the notice would be considered sufficient. Both of these cases were commenced in the circuit court, and the rule has an added force in cases like the present.

The court could not have done otherwise than submit the question of fraud to the jury; and, if the plaintiff could have rights as a *bona fide* purchaser under a contract of this kind in any case, the undisputed evidence created a strong inference of notice, if it would not have justified the inference that the plaintiff and Sturgis & Co. were co-operators in the entire scheme. The judge did not err in refusing to recognize such a claim. It was com-

petent to show that the defendant was not an educated man, and the alleged release was admissible as a part of the transaction.

We find no error, and the judgment is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.