VINCENT *v.* EVANS.

1. TAXATION—TAX DEEDS—BURDEN OF PROOF.
   The burden of proof to show the validity of proceedings on which tax deeds are based rests upon a complainant who relies on a title obtained from a purchaser of the tax interest.

2. SAME—EVIDENCE.
   And the burden is not met by introducing in evidence the files in the county clerk's office without the original tax record on file with the treasurer or a deed from the State to the original purchaser from whom complainant claims title.

3. SAME—DEFENSE—OBJECTIONS.
   Nor is a specific objection in defendants' answer, that complainant had no sufficient title, necessary in order to permit them to defend on that ground. *Wagar* v. *Bowley*, 104 Mich. 38 (62 N. W. 293), distinguished.

4. SAME—PRIMA FACIE EVIDENCE—NOTICE TO REDEEM.
   Act No. 142, Pub. Acts 1905, providing that the notice to redeem with due proof of service by the sheriff, recorded in the county where the land is situated, shall be *prima facie* evidence of the purchaser's title, if the land shall not be redeemed in six months, does not apply to a case where the claimant in possession of the premises redeems from the tax sale.

5. EXECUTORS AND ADMINISTRATORS — CONVEYANCE OF REAL PROPERTY—AUTHORITY—WILLS.

Executors, having no power under the will to convey real property, can convey no title by deed to a purchaser of a tax interest in the real estate of deceased.

6. ESTOPPEL—DEEDS—WITNESSES—REAL PROPERTY.

A witness to an invalid deed by executors purporting to convey real property in which the witness has an interest is not estopped to assert her title.

7. TAXATION—DEEDS FROM STATE—VALIDITY.

Tax deeds executed by the State before expiration of the period for redemption are void. *Monaghan* v. *Auditor General*, 136 Mich. 247 (98 N. W. 1021); *Fitschen* v. *Olson*, 155 Mich. 320 (119 N. W. 3).

8. QUIETING TITLE—PARTIES—HEIRS AND DEVISEES.

Devisees of a sixth interest in real property belonging to a testator are necessary parties to a suit to quiet title in a tax purchaser of the devised property.

9. TAXATION—TITLE—EJECTMENT.

Such tax purchaser, having failed to perfect his title as purchaser and assignee of other purchasers, remains entitled to enforce his rights by the necessary statutory steps, and the same will not be terminated by a judgment in an action of ejectment brought by the owners to dispossess him of the premises.

ON REHEARING.

1. SAME—TAKING BILL AS CONFESSED—JOINT DEFENDANTS.

As to three defendants against whom a decree *pro confesso* was entered below, the order dismissing complainant's bill is modified on rehearing and the cause remanded to the circuit court for the entry of a decree in accordance with their interests.

2. SAME—PAYMENT.

Taxes paid by a tax purchaser whose title was invalid were voluntary payments, not recoverable in equity.

Appeal from Mackinac; Shepherd, J. Submitted June 29, 1910. (Docket No. 44.) Decided September 28, 1910. Rehearing granted December 30, 1910. Former opinion modified July 5, 1911.

Bill by William Vincent against George W. Evans and

others to enjoin an action of ejectment, and to quiet title to certain land. From a decree for complainant, defendants appeal. Reversed, and bill dismissed.

*Frank L. Fowler*, for complainant.

*D. W. Closser*, for defendants.

BLAIR, J. The complainant in this case purchased in 1903 certain stump lands in the county of Mackinac, in this State, of the executors of the will and estate of Edward Evans, a resident at the time of his death of North Tonawanda, in the State of New York, receiving from such executors deeds purporting to convey the entire interest of the estate in such lands, for which he paid to such executors the sum of $120. The acting executors under the will, and who executed the deeds, were Paschal S. Humphrey, husband of defendant Mary C. Humphrey, a daughter, defendant Nancy C. Evans, the widow, and defendant Henry H. Evans, a son of deceased. The lands had been sold for taxes for many years, and, to protect his title, acquired as aforesaid, complainant purchased certain tax titles and paid a considerable amount of back taxes. In March, 1907, George W. Evans, one of the heirs at law of testator and a residuary legatee, commenced an action of ejectment for the possession of an undivided one-sixth interest in the lands in question. In September, 1907, complainant filed this bill of complaint to stay proceedings at law and to quiet his title and praying for relief as follows:

"By temporary injunction restraining the prosecution of the suit in ejectment, until the further order of said court, and praying that upon the hearing the said temporary injunction be made permanent. That the sale and conveyance of the said lands made by the executors of the estate of Edward Evans, deceased, be ratified and confirmed, and the complainant decreed to be the lawful owner of the same. That if there should appear to be any irregularities in the conveyances as executed by the executors of the estate of Edward Evans, deceased, that the

defendants might be decreed to be forever estopped by their conduct from making or asserting any claim of right or title to the premises. That the said William Vincent be subrogated to the rights of one Vincent W. Bayless and Frank Blake, tax title owners, from whom said Vincent had redeemed tax titles. And that the said William Vincent, as owner of the said tax titles, of which legal notice had been served, and on which the period of redemption had expired, be decreed to be the owner of the said lands free from all liens and incumbrances and all clouds caused by the claims made by the said defendants."

After hearing the proofs, the circuit judge filed an opinion as a basis for a decree, holding:

"That the will did not confer upon the executors power to convey land, and that the deeds therefore 'conveyed no title to the complainant.' That none of the defendants were estopped from asserting any claim they might have under the will of said Edward Evans, deceased. That complainant had acted in good faith, without gross laches, and was entitled to be subrogated to all the rights of the tax title holders from whom he bought or redeemed tax titles, except as to the northeast quarter ($\frac{1}{4}$) of the southwest quarter ($\frac{1}{4}$) of section eighteen (18), township forty-four (44) north, range nine (9) west, to which the court held he had legal title through a tax title purchase from one Blake which was foreclosed by notice under the 1897 statute. And that complainant was also entitled to recover back a *pro rata* share of the amount he had paid on the lands, title to which had failed."

A decree having been entered in accordance with this opinion, the defendants have appealed to this court.

Counsel for defendants contend that the burden of proof rested upon complainant to show the validity of the proceedings upon which his tax deeds rested and that he utterly failed to make such proof. As to the burden of proof, the decisions of this court sustain defendants' contention. *Taylor* v. *Deveaux,* 100 Mich. 581 (59 N. W. 250); *McKinnon* v. *Meston,* 104 Mich. 642 (62 N. W. 1014); *Dawson* v. *Peter,* 119 Mich. 274 (77 N. W. 997); *Morse* v. *Auditor General,* 143 Mich. 610 (107 N. W.

317).. Complainant contented himself with putting in the files in the county clerk's office, but did not introduce in evidence the original tax record on file in the county treasurer's office; nor did he introduce any deed from the State to Blake to support the conveyance from Blake to him, and there was therefore no competent evidence of the validity of his tax deeds. It is said, however, that under the authority of *Wagar* v. *Bowley*, 104 Mich. 38 (62 N. W. 293), defendants could not impeach complainant's tax titles, since they did not specifically state their objections thereto in their answer. The sales under consideration in that case were made under a statute making the tax deeds *prima facie* evidence of title and the burden of proof was on the party denying their validity, and not, as in this case, upon the party asserting their validity, and defendants argue that this distinction renders the case inapplicable. We are of the opinion that the distinction is well taken. It was said in *Wagar* v. *Bowley* that "the title set out in complainant's bill was *prima facie* valid," etc. The Mississippi cases cited rest upon a similar ground and a similar statute. Since the repeal of the provision making the deeds *prima facie* evidence "the rule of the common law must be applied and the burden cast upon the plaintiff to show a valid decree," etc. *Dawson* v. *Peter, supra*. It is further argued by complainant in support of the decree that—

"It also appears in the record that proper statutory notice to redeem on this particular description was given by Mr. Blake to Mr. Vincent and the year's taxes given in the notice correspond with those shown in the tax history to have been purchased by Frank Blake. What, then, is the situation on the record? The notice appears to be in proper form, and the original thereof was produced and offered in evidence from the files in the clerk's office. The statute provides (Act No. 142, Pub. Acts 1905) that such record 'shall be *prima facie* evidence in all courts and tribunals that said purchaser is the owner of said land under such purchase.' In other words, under this statute, the notice, having attached thereto the certificate of the sheriff showing proper service, is *prima*

*facie* evidence that the purchaser named therein is the owner of the said land."

The notice was dated May 20, 1903. The certificate of the sheriff showed service on complainant May 27, 1903. Complainant paid the amount required by the notice and received a deed dated July 6, 1903. The provisions of section 142*a*, Act No. 142, Pub. Acts 1905, only apply where the lands are not redeemed, and therefore the certificate lends no support to the title of Blake, and the proofs did not warrant the finding of the court that complainant acquired the entire title to the 40 acres. We are also of the opinion that the trial judge correctly held upon the record before us that the deeds of the executors conveyed no interest in the lands in question and created no estoppel against Mrs. Humphrey, who witnessed the same. The complainant therefore in a court of equity is not entitled to rely upon these void deeds as furnishing any authority to him to redeem the lands.

Complainant also offered in evidence several tax deeds, most of which were void upon their faces, as having been executed before the period for redemption had expired. *Monaghan* v. *Auditor General*, 136 Mich. 247 (98 N. W. 1021); *Fitschen* v. *Olson*, 155 Mich. 320 (119 N. W. 3).

After making certain pecuniary bequests, the will of Edward Evans (made a part of the bill of complaint) disposed of the residue of his estate, as follows:

"2ndly. All the residue of my property, whether real or personal, I give and bequeath to my beloved children and grandchildren as follows: To Mary C. Humphrey, James E. Evans, George W. Evans, Harrietta J. Grenier, Edward R. Evans, each one-sixth (1-6) of my entire property remaining as aforesaid and the remaining one-sixth (1-6) I give and bequeath to the living children (my grandchildren) of my oldest son, Henry H. Evans."

Who these grandchildren, children of Henry H. Evans, were who were entitled to one-sixth of the lands in question or whether minors or of full age does not appear. They

were not made parties to the suit and were not represented. It further appears from the opinion of the circuit judge "that defendant Edward Evans died before the commencement of this suit, leaving minor heirs. These heirs are, of course, not bound by this proceeding." All of these grandchildren were necessary parties to the suit and the bill of complaint should have been dismissed unless they were properly made parties and properly represented. *Watson* v. *Brewing Co.*, 61 Mich. 595 (28 N. W. 726). So far as this record discloses, the complainant has not acquired a title to any of the lands in question, but has acquired certain rights as a tax purchaser, and as assignee of others which he is entitled to enforce by taking the proper statutory steps and which rights will not be cut off by a judgment in the ejectment suit, if, indeed, the plaintiff in such suit can show himself to be entitled to a judgment.

The decree is reversed and the bill dismissed without prejudice.

BIRD, C. J., and OSTRANDER, MOORE, and BROOKE, JJ., concurred.

### ON REHEARING.

BLAIR, J. An opinion was filed in the above-entitled cause, and reported *ante*, 695 (127 N. W. 760). Later an application for rehearing was filed, based, among others, upon the following grounds:

" It is evident from the opinion filed herein that the fact that the complainant had voluntarily paid a large amount of taxes, in good faith, believing that he was the owner of the lands in question, was inadvertently overlooked by the court, as the complainant certainly could not recover for taxes paid, except in a court of equity, and a decree based upon the opinion filed herein would forever deny to him any recover whatever for the amounts so paid. * * * The bill of complaint was taken as confessed by three of the defendants, Henry H. Evans, Edward R. Evans, and Harrietta J. Grenier, and yet by the opinion of this court it must be dismissed, presumably as to all defendants."

A rehearing having been granted, we have reconsidered the case. In disposing of the case, the court failed to give effect to the decree *pro confesso* against the three defendants, Henry H. Evans, Edward R. Evans, and Harrietta J. Grenier. The decree recites the taking of the bill of complaint as confessed by the three defendants named. The opinion, however, shows "that defendant Edward R. Evans died before the commencement of this suit," and that Henry H. Evans claimed no interest in the lands, and the will of his father gives him no interest therein. Mrs. Grenier appears to have a one-sixth interest in the lands under her father's will. It was the intention of the court, in dismissing the bill without prejudice, to preserve to complainant as a tax-title purchaser all the rights conferred upon him by the laws of the State, and we do not regard the objection as valid that "this will result in the defendants redeeming the more valuable pieces and leaving the others, some of which are practically worthless, to the complainant." So far as concerns complainant's payments of taxes on titles not shown to be valid, they must be deemed to be voluntary, and not a basis for relief in this suit. *Morrison v. Semer*, 164 Mich. 208 (129 N. W. 1). The court erroneously stated in the original opinion that the ejectment suit covered all of the lands in question. It should have stated that such suit related to a one-sixth interest in one forty only. Except as above indicated, we adhere to the former opinion.

The decree will be reversed without prejudice, except as to the three defendants above referred to, as to whom the record will be remanded to the circuit court for further decree in accordance with their interests in the subject-matter of the suit.

OSTRANDER, C. J., and BIRD, HOOKER, MOORE, MC-ALVAY, BROOKE, and STONE, JJ., concurred.