BRETZ v. HITCHCOCK.

1. TAXATION—NOTICE TO REDEEM—RECONVEYANCE.
   Where the tax title owner made out a *prima facie* case by introducing proof of the service of a notice to redeem, and the defendants met the same by evidence that the owner had died several days before the notice was shown to have been served, the defendant had fully rebutted the case of complainant who was not entitled to equitable relief.

2. SAME—EVIDENCE—PRIOR YEARS.
   Some proof must be presented as to the amounts of taxes for other years paid as a condition of the tax purchase, and included in the notices served, which are not *prima facie* proof of the said amounts or years. The burden of proof is on the complainant to show a valid title and service of a proper notice.

3. SAME—ESTATES OF DECEDENTS—DESCENT—SERVICE OF NOTICE ON HEIRS, ETC.
   Service of notice to redeem on the heirs of a deceased made, as to one, the day after complainant filed his bill, and as to the other only a few days before commencement of suit, so that the return of service was not filed until after suit was begun, was not sufficient to confer jurisdiction to quiet title.

4. SAME.
   The owner of the record title, who permits his lands to be sold for taxes, is not entitled to an accounting for timber removed by the purchaser of the tax title interest until he redeems, since the holder of the record title has only a bare right to reconveyance.

Appeal from Chippewa; Fead, J. Submitted April 28, 1915. (Docket No. 96.) Decided October 29, 1915.

Bill by Charles W. Bretz against Roxanna G. Hitchcock and others to quiet title to real property. Defendants filed a cross-bill for an accounting. From a

decree dismissing both bill and cross-bill both parties appeal. Affirmed.

*Merlin Wiley* (*Sherman T. Handy*, of counsel), for complainant.

*D. W. Closser* (*Davidson & Hudson*, of counsel), for defendants.

BROOKE, C. J.   The somewhat complicated facts involved in this proceeding are clearly set forth by the learned circuit judge who heard the case, together with his legal conclusions, in the following opinion:

"Complainant brings this action to quiet title to the S. W. ¼ of the N. W. ¼ of section 31, township 45 N., range 2 W., in Chippewa county, Mich.   He claims title as grantee of one John B. Anderson, tax title owner by virtue of a tax deed executed by the auditor general to said Anderson and dated February 27, 1904, upon a sale of the premises made February 23, 1904, for the taxes of 1895, 1896, 1897, 1898, and 1899, together with certain tax notices based thereon and claimed to have been served by Anderson and by complainant on the several parties in interest.   The conveyance from Anderson to complainant was by quitclaim deed, dated January 27, 1906, and recorded March 13, 1906.   At the time of the service of the notices by Anderson, the parties interested in the premises, as shown by the records, were Charles Fitzhugh, Jr., Archibald McDonell, Mendel J. Bialy, and Joseph R. Hitchcock, owners of the government chain of title, John A. Combs, mortgagee, and Elliott C. Davison, tax title purchaser for the taxes of the year 1899, upon sale made by the county treasurer May 23, 1893 [1903].   Tax notices were returned personally served on such persons at the instance of Anderson, and were filed in the office of the county clerk of Chippewa county as follows:   Notices served on Fitzhugh, McDonell, Bialy, Combs, and Davison, were filed June 29, 1904.   Notice served on Hitchcock was filed August 17, 1904.   Certified copies of these notices, with the returns of service, were duly recorded in the office of the register of deeds of said county on December 18,

1913. Joseph R. Hitchcock died some time prior to the alleged service of the tax notice on him. Archibald McDonell died after the service of the tax notice, but prior to the filing of the bill of complaint herein. On April 5, 1911, complainant placed in the hands of the sheriffs of Wayne and Bay counties, respectively, for service, tax notices directed to Herbert C. Hitchcock and Roxanna G. Hitchcock, sole heir and widow, respectively, of Joseph R. Hitchcock. Personal service was made on Mrs. Hitchcock April 7, 1911, and on Herbert C. Hitchcock April 11, 1911. Certified copies of these notices, with the returns, as filed with the county clerk April 21, 1911, were recorded in the office of the register of deeds on December 18, 1913. In 1908 defendants Closser, Davison, and Shupert obtained quitclaim deeds of the premises from Fitzhugh and Bialy, and on May 7, 1909, from Herbert C. Hitchcock. In 1910 and 1911 defendant Closser obtained quitclaim deeds from five of the McDonell heirs, and on May 4, 1911, from Roxanna G. Hitchcock. The latter deed was recorded September 4, 1912. The others were all recorded April 10, 1911, the day the bill of complaint was filed herein. On April 5, 1911, when the notices from Bretz to Roxanna G. and Herbert C. Hitchcock were received by the respective sheriffs for service, the defendants Closser, Davison, and Shupert had no interest of record in the premises. The record title was unchanged from the time of the service of the notices by Anderson until April 10, 1911.

"The bill of complaint alleges, in addition to setting up the regular chain of title, that Dayton W. Closser claims an interest in the land by reason of the purchase of the interests of certain of the parties of record, the amount of such interest, and the parties in interest from whom purchased being unknown to complainant. Bialy, Fitzhugh, Roxanna G. and Herbert C. Hitchcock, seven heirs and widow of Archibald McDonell, and Dayton W. Closser were originally made defendants in the bill. By amendments, Robert A. Davison, Harry L. Shupert, John A. Combs, and William E. Davison, administrator of the estate of Elliott C. Davison, deceased, are also made parties defendant. Because of the recording of the deeds before mentioned, the action was discontinued as to Bialy, Fitz-

hugh, Herbert C. Hitchcock, and five of the McDonell heirs. The parties defendant remaining are William E. Davison, as administrator of the estate of Elliott C. Davison, John A. Combs, Annie F. McDonell, widow, and Frank McDonell and Henry McDonell, heirs of Archibald McDonell, deceased, all of whom have defaulted, and against whom the bill has been taken as confessed, and Roxanna G. Hitchcock, Robert A. Davison, Dayton W. Closser, and Harry L. Shupert. Roxanna G. Hitchcock filed an answer and cross-bill on May 20, 1911, which was subsequent to her deed to defendant Closser. The three defendants, Closser, Davison, and Shupert, filed a joint answer and cross-bill. In their cross-bill they set up the service of the notices on Roxanna G. Hitchcock and Herbert C. Hitchcock, ask an accounting for the timber it is claimed complainant removed from the premises, and also ask the privilege of redeeming the premises from the tax title. Complainant answered the cross-bills, denying the right of defendants to redeem.

"The cause was submitted on briefs. At the hearing, innumerable objections, specific, general, and inclusive, were made by counsel to the introduction of practically all the testimony offered. This court cannot be expected to dive into the sea of adverse contention as to the admission of testimony, bring up all the shells of objections which may be strewn on the bottom, and discover for itself which contain pearls of merit. All the objections will not, therefore, be considered; but it will be assumed that such as were not deemed of sufficient importance by counsel to be noticed in the briefs are not insisted upon.

"In the tax notices were included the taxes of other years than those covered by Anderson's deed. Complainant introduced in evidence the decrees and tax records covering only those years mentioned in the deed, and offered no proof as to the other years mentioned in the notice. No case or statute is cited indicating that the amount stated in the notice is *prima facie* correct, and it is evident the court cannot take judicial notice of the years or the amounts of the taxes required to be paid as a condition of purchase. The burden of proof is upon the complainant to show a valid title and the service of a proper notice. The

proof offered was insufficient as to the taxes not included in the deed. *Backus* v. *Cowley,* 162 Mich. 585 [127 N. W. 775]. It appearing that no redemption had been made, the complainant, however, did make out a *prima facie* case by the introduction of the record of the certified copies of the tax notices served by Anderson on the parties in interest. Act No. 142, Pub. Acts 1905; *Vincent* v. *Evans,* 165 Mich. 696 [127 N. W. 760].

"The *prima facie* case was effectually rebutted by proof of the death of Joseph R. Hitchcock prior to the time of the alleged service of the notice on him. The period of redemption had not expired on the notices served on Herbert C. Hitchcock and Roxanna G. Hitchcock at the time of the filing of the bill of complaint. Consequently the complainant was not, at that time, entitled to the relief prayed for. No supplemental bill was filed setting up the service of the last-named notices. Nowhere in his pleadings does the complainant rely upon these notices as entitling him to affirmative relief. Under the pleadings they are pertinent only as affecting the right of defendants to relief. They cannot, therefore, be made the basis of a decree for complainant. *Moran* v. *Palmer,* 13 Mich. 367. The notices to Roxanna G. Hitchcock and Herbert C. Hitchcock were again introduced by complainant under his answer to defendants' cross-bill. They are set up in the cross-bill, and are counted upon as giving the right to redeem.

"It is evident that, because of the failure of service as to the interest held by Joseph R. Hitchcock, the defendants had the right to redeem the premises from the tax purchase at the time his action was begun. But by reason of the service of the notice on the widow and heir of said Hitchcock, the error in service on him was cured, and the period of redemption began to run from the time of filing the returns of service; *i. e.,* April 21, 1911. This right of redemption could have been protected and conserved to defendants by the proper deposit of the amount necessary to redeem. Neglecting to do this, they have lost such right, and this court, now that the period provided by statute has expired, cannot afford them any relief. The commencement of suit does not stop the running of the

statute of redemption, nor operate to extend the time.
*Clothier* v. *Miller,* 173 Mich. 530, 537 [139 N. W. 253].
The right to an accounting for the timber removed
must necessarily depend upon the right to redeem.

"The bill of complaint and the cross-bills will there-
fore be dismissed. No costs will be awarded to either
party."

The learned circuit judge was undoubtedly correct
in holding that the complainant was not entitled to
relief upon his bill as filed. The bill was filed April
10, 1911. The right to relief was predicated upon the
assumption that a proper notice of reconveyance was
served upon Joseph R. Hitchcock on the 15th day of
August, 1904. As a matter of fact Joseph R. Hitch-
cock died prior to the time of the alleged service upon
him. The service upon Herbert C. Hitchcock and Rox-
anna G. Hitchcock, his sole heir and widow, was not
made until April 7, 1911, and April 11, 1911, respect-
ively, and return thereof was not filed until April 21,
1911. It is obvious that this service was not sufficient
to clothe the court with jurisdiction to grant com-
plainant relief under a bill filed April 10, 1911. The
answer and cross-bill of the defendants was filed May
8, 1911. Defendants therein aver:

"(1) These defendants allege: That Roxanna G.
Hitchcock, the widow of Joseph R. Hitchcock, is the
owner of a redeemable interest in said land, and that
complainant has served a tax notice upon her, wherein
he offers to let her redeem upon payment of the sum
of $189.44, and the fees of the sheriff. That return
showing service of such notice upon Roxanna G.
Hitchcock, and also return showing service of the like
notice upon Herbert C. Hitchcock, was filed with the
register of this court on or about the 21st of April,
1911.

"(2) These defendants allege that the right to re-
deem the land described in said bill of complaint has
not been extinguished by full and complete compliance
with the provisions of Act 229, Public Acts of 1897,
and amendments thereto.

"(3) These defendants further allege that complainant's grantor, John D. Anderson, and also the said complainant, unlawfully cut and removed valuable timber from said land, and that in so doing they were trespassers and that the value of the timber so cut and removed exceeds many times the amount which defendants would be required to pay complainant if he were the holder of valid tax titles as in said bill of complaint alleged.

"(4) These defendants further allege that they are the owners of the timber and forest products which have been unlawfully removed from the said land, together with all rights of action for the recovery of the same, or the value thereof, or damages therefor, which formerly belonged to their grantors; they having acquired same by appropriate conveyances, which they beg leave to produce on the hearing hereof and make a part of this paragraph.

"(5) These defendants further allege that, by reason of the unlawful cutting and removing of the timber aforesaid, the said complainant and his grantors are estopped from claiming any right, title, or interest in and to said land by virtue of said tax deeds, and from claiming the right to any redemption money, and complainant ought to be required to account for the timber so cut and removed from said land by him, and the tax titles, if any there be, which he may have against said land, ought to be set aside and held for naught, for the reason that the said complainant has already secured more value from the said land than would be required to redeem from the said tax titles, and by so doing has depreciated the said value of the land, to the great damage of these defendants."

The decree must be affirmed, for the reason that the cross-complainants, at the time their cross-bill was filed, had no right to an accounting with the tax-title trespasser. They did not have this right because, though the time limited by the statute for redemption had not expired, they had in fact not redeemed, and were therefore not entitled to secure a reconveyance. As was said by Mr. Justice GRANT in *Griffin* v. *Ken-*

*nedy,* 148 Mich. 583, at page 591 (112 N. W. 756, at page 759) :

"The law confers upon the negligent owner, not any title or right, but a privilege to obtain a reconveyance upon specified terms."

See, also, *Huron Land Co.* v. *Manufacturing Co.,* 183 Mich. 45 (148 N. W. 753), and cases there cited.

The decree is affirmed, without costs to either party.

KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.