### HERBERT v. ROSEN.

1. JUSTICES OF PEACE—INFORMALITY OF PLEADING TOLERATED BUT NOT ENCOURAGED.

    While informality of pleading in justice's court is tolerated, it is not to be encouraged.

2. BILLS AND NOTES—PLEADING—FRAUD—EVIDENCE—NOTICE OF FALSITY OF REPRESENTATIONS NECESSARY.

    In action on promissory note, it was not error for court of common pleas to refuse to hear testimony of representations claimed by defendant to have been fraudulent, where notice of special defense did not allege falsity of said representations, and there was no motion to amend, or offer of proof.

Case-made from Wayne; Moll (Lester S.), J. Submitted April 21, 1931. (Docket No. 60, Calendar No. 35,548.) Decided June 1, 1931.

Assumpsit by Eugenia Herbert against Robert Rosen on a promissory note in court of common pleas. Judgment for plaintiff. Defendant appealed

to circuit court. Directed verdict and judgment for plaintiff. Defendant brings case-made. Affirmed.

*Orville H. Foster, Jr.,* for plaintiff.

*Harold N. Harris,* for defendant.

Fead, J. Plaintiff had directed verdict in suit on a $400 promissory note given by defendant as part purchase price of office equipment and good will of the medical practice of Dr. Leo H. Herbert, deceased. In common pleas court, defendant, with the general issue, gave notice of special defense of fraud, alleging that in the negotiation of the sale it was represented to him that Dr. Herbert had had an income of over $1,200 per month from his practice, and that defendant, although he had ten years' experience and an enviable reputation and used his best efforts, was unable to earn more than $40 per month during six months' practice at the location.

On the trial, the court refused to receive testimony of representations of Dr. Herbert's income because the notice did not allege their falsity. Defendant made no motion to amend nor offer of proof.

Defendant relies on *Chicago Bldg. & Manfg. Co. v. Yell,* 129 Mich. 517, in which it was held not error to admit proof of fraud under an imperfect notice in justice's court. Informality of pleading in justice's court is tolerated, but it is not to be encouraged. It is not error for the court to refuse to hear testimony upon a claim which is not alleged to have merit, by pleading, motion to amend or offer of proof.

Judgment affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.