## ALANSON LABAR v. LEWIS CRANE ET AL.

*Malicious prosecution—Stenographer's minutes on new trial—Damages—Hearsay—Inadvertent error in charge to jury.*

1. Stenographer's minutes of testimony given on a former trial may be admitted even though the deposition of the witness himself has since been taken.

2. Plaintiff in an action for malicious prosecution showed by way of damages that his arrest had prevented his accepting the invitation of his son, who was employed upon a certain railroad, to go to a specified place and take a situation on the road.   This invitation was contained in a letter and it did not appear that the son had any authority to promise the situation, so that the letter itself did not tend to show that he could get employment.   But as he changed his course of action and suffered inconvenience because of the letter, it was not improper to admit the letter as bearing on the circumstances.

3. Evidence of what third persons had told the witness plaintiff had said to them about his purposes, is hearsay, and in an action for malicious prosecution, it is inadmissible, on the part of the defense, to excuse the arrest of the plaintiff.

4. One who sued for malicious prosecution showed that defendant had

called him meddlesome and troublesome. Defendant's offer to jus-
tify the epithets by showing that plaintiff was reputed to be quarrel-
some, meddlesome and vindictive was properly overruled, since the
epithets were important only as showing his own feelings.

5. An evident inadvertence in a judge's charge is not ground of error if
it could not have misled and was not noticed at the time. *So held*,
where he said that probable cause could not be inferred from malice
when he meant to say the want of it could not.

Error to Kalamazoo. (Mills, J.) April 16.—May 6.

CASE. Defendant Crane brings error. Affirmed.

*Howard & Roos* for appellant, as to hearsay, cited 1 Greenl.
Ev. § 100, 101 ; *Bacon v. Towne* 4 Cush. 217 ; *Broad v.
Ham* 5 Bing. N. C. 722.

*Geo. M. Buck* for appellee. Whether particular circum-
stances show probable cause is a question of law : 1 Hilliard
on Torts 439 ; *Hall v. Suydam* 6 Barb. 83 ; *Stone v. Crocker*
24 Pick. 81.

COOLEY, C. J. This case was once before in this Court,
and the decision is reported in 49 Mich. 561. On a re-trial
the plaintiff recovered judgment for five hundred dollars
against the defendant Crane, and the other defendants were
acquitted. Crane brings error.

I. The action was brought to recover damages for mali-
cious prosecution. At the time of the trial one Allen, who as
justice had issued the warrant by which the prosecution was
begun, was beyond the jurisdiction of the court, and the
plaintiff offered to put in evidence his testimony given on
the first trial. For this purpose he called the stenographer
who took the testimony, and he testified that he had it present
with him, and that it was correctly taken. The plaintiff then
offering to read it, the defendant objected on the ground that
he had since that trial taken the deposition of Allen in the
case, by consent of the plaintiff, and had it then present in
court. The fact was conceded by the plaintiff, but he insisted
upon his offer of the former testimony, and the court
received it.

Whether the deposition of Allen taken by the defendant

covered the whole ground of his former testimony, or was restricted to some one part or branch of it, and whether the plaintiff appeared on the taking of it to cross-examine him, do not appear in the case. It may be that the deposition was only supplementary and complemental to the former testimony, or was taken to bring out on the part of the defense some one point not sufficiently presented or explained before. In such a case it would be clear that the deposition would not exclude the reading of the former testimony. But we are not satisfied that it should be excluded if the deposition had been shown to cover the whole case. The plaintiff had examined the witness in open court, with full liberty of cross-examination, and if the defendant on his own part had examined him with equal fullness afterwards, there would seem to be no good reason why each party should not be at liberty to put in evidence the testimony he had taken. It may be said that the deposition would be most likely to be taken down with accuracy, and this would be fair matter of argument if the two were found to differ; but we do not think the defendant could exclude the plaintiff's right to put the evidence he had taken before the jury by subsequently retaking it on his own behalf.

II. The plaintiff, in order to show that he was damnified by the arrest and imprisonment on the criminal charge, testified that he had employment offered, which he did not accept because of being detained. As evidence of this he produced a letter which he testified he received from his son, who was at the time general freight agent of the Chicago, Saginaw & Canada Railroad Company. The letter speaks of one of the employes of the road talking of retiring; says: "If you want the position, please come to St. Louis so as to commence on the twenty-fifth inst.; will hold it open until then,"—and it inclosed a pass over the road for him. The defendant objected to the reception of the letter in evidence, but it was received; and this is relied upon as error. No proof was given in the case that the son was empowered by the company to offer the plaintiff the employment.

The defendant requested of the court no instruction in

respect to this letter, or as to the use which the jury might make of it, but relied upon its being inadmissible for any purpose. It certainly did not prove, or tend to prove, that the plaintiff had lost an opportunity for employment. But we cannot say that there was any error in receiving it in evidence as one of the facts surrounding the transaction under examination. The plaintiff received the letter, and, no doubt, supposed his son would not have written it unless with competent authority. It was accompanied with a pass, which, to his mind, would be some evidence that there was a genuine purpose to employ him. His testimony tended to show that he failed to make use of the pass only because of the arrest complained of; so that, whether he lost employment or not, he changed his course of action and was subjected to inconvenience because of the arrest. We think it was competent to put that fact before the jury, even though he was unable to show any positive loss resulting from it.

III. Defendant offered the evidence of one Kelby to show that on the day following the alleged assault he was told by some persons that plaintiff had said to them, before defendant made the complaint, that he (the plaintiff) had his gun loaded at the time, and shot to kill; intended to mark them —drop them right there, and track them by their blood; and that witness communicated these statements to defendant. The testimony was offered as bearing upon the good faith of defendant in making the complaint. The court rejected the evidence as mere hearsay. We think this ruling correct. It would be very dangerous to permit parties to excuse unfounded criminal accusations by public rumor, or, what is no better, reports of what the party accused is said to have said to persons not brought forward to verify the reports.

IV. Plaintiff having given evidence that he had been called by defendant meddlesome and troublesome, defendant offered to prove that he was reputed to be a quarrelsome, meddlesome, and vindictive sort of a man. The offer was overruled. Defendant insists that the evidence was proper as showing justification for the epithets applied by himself to the plaintiff. But what he had said was important only

as showing his own feelings, and proving it did not put in issue the opinion of the community concerning the plaintiff, or make it of any importance in the case.

V. The judge was requested to instruct the jury that want of probable cause cannot be inferred from malice. No doubt he intended to do this, but what he actually told the jury was that probable cause could not be inferred from malice. This seems an evident inadvertence, but no one called the attention of the court to his error, and it is now relied upon for the reversal of the judgment. We cannot think anybody was misled ; the error seems to have passed unnoticed at the time, and we may well assume that on both sides the parties either understood the judge to be giving the instruction requested, or they corrected the error in their own minds, and assumed that the jury understood the instruction as he intended it. We do not think the judgment should be reversed for this error.

Finding no other error in the case, the judgment will be affirmed.

CHAMPLIN, J. concurred.

CAMPBELL, J. I do not think the testimony concerning what was sworn to on the former trial by Allen was admissible without proof that other means were not available, and that there should be a reversal.

SHERWOOD, J. did not sit in this case.