## MERCHANTS' NAT. BANK V. STEBBINS.

1. Under Laws 1893, Chap. 87, providing that certified transcripts of the court reporter's notes shall be *prima facie* evidence of the proceedings had on the trial, the testimony of a deceased or absent witness may be repeated at a later trial between the same parties by introducing the reporter's transcript of his former testimony.

2. The granting of a new trial on the ground of the admission of incompetent evidence, not objected to on the trial upon the theory of excusable neglect, is within the discretion of the trial court, whose ruling thereon will not be disturbed, unless his discretion has been clearly abused. CORSON, P. J., dissenting.

(Opinion filed Feb. 16, 1898.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action by the Merchants' National Bank against William R. Stebbins, impleaded with others, to recover certain sums of money loaned defendant, From a judgment in favor of plaintiff, defendant Stebbins appeals. Reversed.

The facts are stated in the opinion.

*Edwin Van Cise*, for appellant.

It was error to admit the testimony taken at a former trial on the mere certification of the court reporter, without further identification. § 481 *et seq.*, Comp. Laws; Laws 1893, pp. 91, 149; Reid. v. Reid, (Calif.), 14 Pac. 781; People v. Woods, 43 Calif. 176; Lipscomb v. Lyon, (Neb.), 27 N. W. 731; Fisher v. Fisher, (Ind.) 29 N. E. 31; Stern v. People, 102 Ill. 540; State v. Adams, 43 N. W. 194; Neff v. Smith, 58 Id. 1072; Railroad v. Horan, 23 N. E. 621.

*Martin & Mason*, for respondent.

The testimony was properly admitted. Laws 1893, Chap. 87, § 2; People v. Lee Fat, 54 Calif. 527; Comp. Laws, § 5293; 1 Greenl. Ev., §§ 163, 164; 1 Whart. Ev., §§ 177, 178; 1 Rice, Ev. § 214; Wallbridge v. Knipper, 96 Pa. St. 48; Rush v. Rock Island, 97 U. S. 693; Reynolds v. Powers, (Ky.), 29 S. W. 299; Hicks v. Lovell, 64 Calif. 14; Wright v. County, 41 Pa. St. 102.

FULLER, J.   By amending the original summons and complaint pursuant to an order of court, defendant Stebbins was made a party to this action, instituted to recover certain sums of money aggregating $7,065.83, exclusive of interest, which it is alleged plaintiff loaned defendants, Fox, Guild, Bullock, and Stebbins, as co-partners engaged in numerous business ventures under various titles designated.   After personal service of the summons upon the defendant Stebbins was vacated and set aside for good cause shown, service upon him was obtained by attachment and publication; and in default of an answer or any appearance upon his part, a trial of the cause resulted in a dismissal of the complaint as to the defendant Guild, upon the ground of the insufficiency of the evidence and a diragreement of the jury as to the issues raised by the answers of his co-defendants.   Later, by leave of court, the defendant Stebbins, answering, denied every allegation of the complaint except plaintiff's corporate existence, and, when the case was again

reached, his remaining co-defendants, Seth Bullock and Stewart A. Fox, as the administrator of the estate of Alvin Fox, deceased, withdrew from the case, and the trial proceeded, resulting in a judgment of $10,140.47 against said defendants Fox Bullock and Stebbins, from which the latter alone appeals.

The death of Alvin Fox being suggested at the trial, and the absence of Daniel C. Baker from the jurisdiction of the court being shown, a longhand transcript of their testimony as adduced at the former trial on plaintiff's behalf, and duly certified by the circuit court reporter to be a correct transcript of his shorthand notes of their evidence, was offered in support of the complaint, and admitted in evidence over the objection of counsel for appellants that the testimony of a witness taken on a former trial is inadmissible on any reported identification of the stenographer, and can only be admitted upon the competent testimony of a witness called to the stand, who heard it when given." The objection was properly overruled. By Chapter 87 of the Laws of 1893 the judge is authorized to direct the court reporter to "make out and file with the clerk of the court a certified transcript of his shorthand notes in longhand. * * * Such reporter shall on the request of either party in a civil or criminal case, make out and certify such transcript and deliver the same to the party desiring it, on payment of his fees at the rate of ten cents per folio, and such transcript when certified by the reporter to be a correct transcript of his notes of the evidence, proceedings and rulings, shall be *prima facie* evidence of the testimony given and of the rulings and decisions of the court and of the proceedings had upon the trial." The theory upon which courts admit such testimony in the absence of a statute like ours, authorizing the practice, is that stenographic reporters, charged with the duty of taking down all the testimony of the witnesses, together with the rulings of the court thereon, are reliable agencies, whose transcripts are authentic, and in case of subsequent absence or death of a witness, are of great value, and oftentimes the best evidence of which

the case, in its nature, is susceptible. It is well settled that the former testimony of an absent or deceased witness may be repeated at a later trial, and, even in a criminal prosecution under a statute silent upon the point, a reporter's transcript was admitted in evidence against the defendant, and upon appeal held to be no violation of the right of the accused to be brought face to face with the witnesses against him. Sage v. State, (Ind. Sup.), 26 N. E. 667; Labar v. Crane, 56 Mich. 585, 23 N. W. 323; Quinn v. Halbert, 57 Vt. 178; Hicks v. Lovell, 54 Cal. 14, 27 Pac. 942; Underh. Ev. 124.

An objection not made when these transcripts were offered in evidence, and which, upon the theory of excusable neglect, was urged as an additional ground for a new trial is "that appellant was not a party to the former action," but, as we view the record, the position is not justified, and the matter being addressed to the sound discretion of the trial court, which was not in that respect abused, the point requires no further consideration. Grant v. Grant, 6 S. D. 147, 60 N. W. 743; Pettigrew v. City of Sioux Falls, 5 S. D. 646, 60 N. W. 27; Longley v. Daly, 1 S. D. 257, 46 N. W. 247; Gaines v. White, 1 S. D. 434, 47 N. W. 524.

Upon information and belief it is, in substance, alleged in the amended complaint that between the 5th day of September, 1883, and the 31st day of January, 1887, the defendants, Fox, Guild, Bullock, and Stebbins, as co-partners engaged in various enterprises under as many different firm names, borrowed from plaintiff the money made the subject of this suit, and concerning which the witness Fox testified, in part, that from 1881 to 1887, he was cashier of the plaintiff bank; that appellant was a director, acting either as president or vice president, during the period within which the money was procured to promote the numerous ventures which the defendants had undertaken in the names of the Philadelphia Coal Company and the Deadwood & Redwater Valley Railway Company, corporations organized for purposes suggested by their respective names. In support of

the claim that to advance the purposes of the foregoing enterprises so the interests of the above named defendants and alleged principal proprietors might be to advantage disposed of in the East, further testimony of Mr. Fox was offered, which may be briefly stated, in effect, as follows: During the years covering the transactions in controversy, the corporations mentioned were engaged in the acquisition and development of certain coal lands, and in the promotion of a scheme to construct a narrow-gauge railway therefrom to the city of Deadwood, which included a town site enterprise, and the building of a bridge over the Belle Fourche river. The defendants named, including appellant. were stockholders in, and, it appears, had principal charge of all the business of, the two corporations; but there is nothing to show that the latter had actual knowledge that his co-defendant Fox, the cashier of the bank, was using its funds in the business of the coal and railroad corporations, and as the money sought to be recovered in this suit was charged on the books of the bank to "Bullock, Guild & Co.," and "Guild, Bullock & Co.," appellant, a nonresident officer of said bank, seldom participating in any of its affairs, or the meetings of its directors, and never present at a meeting of the stockholders of the other corporations when the question of borrowing money was intimated, is not charged with any notice of the expenditure of money which Fox, on behalf of plaintiff, swears was at his own instance, on behalf of the corporations, and absolutely without any authorization so far as appellant is individually concerned. Respondent sought to recover money advanced or loaned to a co-partnership of which appellant was an alleged member, and its principal witness emphatically denies the existence of any relation of that character, and throughout his entire testimony insists that he used the funds for no other purpose than to promote corporate interests for the exclusive, uniform, and general benefit of all the stockholders, and as a matter of convenience and protection to respondent, of which he was cashier, charged

the same to the corporations, by employing names suggesting·
co-partnerships, but in fact wholly ficticious and unauthorized.
Being convinced, from a careful consideration of the entire
record, that the motion to direct a verdict should have been
sustained upon the ground that respondent had failed to estab-
lish, by competent evidence, a case against appellant, and that
there is reversable error both in the admission and rejection of
evidence as well as in the court's charge to the jury, all of
which we deem, under the circumstances, unnecessary to spec-
ify, the judgment appealed from is reversed, and the case re-
manded for a new trial.

HANEY, J. (concurring).   The motion to direct a verdict
for defendant Stebbins was, I think properly denied, but for
other reasons the judgment should be reversed, and a new trial
ordered.

CORSON, P. J., dissenting.

Rehearing denied, March 16, 1898.