CHEEVER *v.* FLINT LAND CO.

1. TAXATION—PURCHASE OF STATE TAX LANDS—PAYMENT OF TAX CLAIMS.
   A purchaser of State tax lands under section 84 of the general tax law (Act No. 262, Pub. Acts 1899) is compelled to pay a claim held by the State under a sale which, at the time of the purchase, is subject to redemption.

2. SAME—REDEMPTION.
   The owner of land, in order to redeem from a tax deed under sections 140 and 141 of the general tax law (Act No. 204, Pub. Acts 1899), must pay to the purchaser 200 per cent. of all sums paid by him to the State, including tax liens for years subsequent to that for which the land was sold.

3. SAME.
   Payment by the owner of land to the auditor general to redeem from a tax sale under section 74 (Act No. 262, Pub Acts 1899) is unauthorized, where a third person has, before such payment, paid to the State its claim for such tax in order to obtain a deed of the land under a former sale to the State; redemption in such case should be made under section 141.

Appeal from Ogemaw; Sharpe, J. Submitted October 9, 1903. (Docket No. 28.) Decided October 27, 1903.

Bill by Noah W. Cheever against the Flint Land Company, Limited, to enforce an alleged right of redemption from a tax deed. From a decree dismissing the bill on demurrer thereto, complainant appeals. Affirmed.

*Noah W. Cheever* (*F. L. Snodgrass*, of counsel), *in pro. per.*

*McFarlan & Wilson*, for defendant.

CARPENTER, J. In his bill of complaint, complainant avers that he is the owner of the lands in controversy; that said lands were sold for the taxes levied thereon for

the years 1892, 1893, and 1899, and bid in by the State; that the proceedings for the sale under the tax of 1893 were duly canceled by the auditor general; that the time of redemption under the tax sale of 1899 did not expire until May 1, 1903; that on September 23, 1902, defendant purchased the State's title growing out of the sale for taxes of 1892, and paid therefor $33.10, and received a tax deed of said lands, dated November 10, 1902; that at the same time defendant paid the State on account of the tax for the year 1893 $29.94, and on account of the tax for the year 1899 $14.99; that on January 23, 1903, complainant paid the auditor general $15.36 to redeem said lands from the sale for the taxes of 1899, and received a redemption certificate in due form, and also $30.50 to pay the taxes for the year 1893; that on February 2, 1903, complainant made a legal tender to defendant of double the amount paid by it for the tax of 1892, the amount paid by it on account of the tax of 1893, with 12 per cent. interest per annum (also other small sums, to which defendant was entitled, not material to this decision), and thereupon requested defendant to convey said land to him; and that the defendant refused to accept said tender and to make said conveyance.   The bill prays a decree compelling said conveyance.   To this bill, defendant demurred on the ground of the insufficiency of the amount tendered.   This demurrer was sustained, and the question before us is whether that decision was correct.

The question involved in this case is whether defendant was entitled, upon this redemption, to demand 200 per cent. of the amount paid on account of the taxes for the years 1893 and 1899, as well as 200 per cent. of the amount paid for the State's bid.   Defendant made its purchase by virtue of section 84 of the tax law (see 1 Comp. Laws, § 3907, as amended by Act No. 262, Pub. Acts 1899). That section required the purchaser to pay the auditor general "the amount for which the same was bid off to the State, with interest,   *   *   *   together with the other taxes which have been returned to the auditor general and

remain a lien on such lands at the time of the purchase so made, with the interest thereon at the rate provided in this act." While the bill of complaint avers that defendant made its payments on account of the taxes of 1893 and 1899 "as provided by the statute," the point is made in the brief that the statute did not, according to the proper construction, require defendant to pay the tax of 1899. It is urged that, as a sale had been had on account of the nonpayment of this tax, it was not included in the language "other taxes which have been returned to the auditor general and remain a lien on such lands," contained in section 84. We cannot approve this construction. It was the obvious purpose of this section to compel the purchaser to pay at the time of his purchase all claims which the State had against the land, growing out of the nonpayment of taxes thereon; and, in our judgment, it would be a strained and narrow construction of the language used, to decide that it did not include a tax under which a sale had been made, but which had not yet ripened into a title. We conclude, then, that defendant was bound by section 84, as a condition of purchasing the title of the State, to pay the tax for the year 1899, as well as for the year 1893.

Had it a right to demand a repayment of the amount paid for these taxes, and 100 per cent. in addition thereto, as a condition of a reconveyance to complainant? This depends upon the construction of sections 140 and 141 of the tax law (see 1 Comp. Laws, §§ 3959, 3960, as amended by Act No. 204, Pub. Acts 1899). By section 140 the purchaser is required to notify the owners and other parties in interest that they are entitled to a reconveyance "upon payment  *  *  *  of all sums paid upon such purchase, together with 100 per cent. additional thereto," etc.; and by section 141 he is required to make "a reconveyance of such interest in such lands so held upon payment  *  *  *  of the amount paid upon such purchase, together with 100 per cent. in addition thereto," etc. As all the money to be repaid the purchaser under

these sections is to be repaid together with 100 per cent. in addition thereto, it follows that, if there is any requirement whatever for the repayment of the amount paid for taxes, 200 per cent. of that amount must be repaid. In our judgment, the proper construction of the language above quoted entitles defendant to a repayment of all the money he has advanced to the State to procure the title. The language, " all sums paid upon such purchase," "the amount paid upon such purchase," clearly indicates the legislative intent that, as a condition of reconveyance, the purchaser of the State's title shall be repaid all that he has been compelled to advance to obtain his title. He would not obtain "the amount paid upon such purchase" unless included therein was the amount he had been required to pay for the tax liens on the land. Unless this construction is adopted, the owner redeeming from such title is under no. obligation whatever to pay the amount paid by the purchaser from the State to discharge the lien for taxes on the land, and this would often permit—indeed, in this case it would permit—the owner to redeem on repayment of less than the amount advanced by the purchaser.

In making the foregoing statement, we have not overlooked the contention of complainant that the result of his redeeming from the sale for the nonpayment of the taxes for the year 1899 leaves in the hands of the auditor general the redemption money belonging to defendant, and which defendant can get on presentation of its certificate of sale. It is a sufficient answer to this contention to say that it was never contemplated by sections 140 and 141 that complainant should acquire any part of the defendant's interest in or claims against the land by payments to the auditor general. The only way complainant, or one situated like him, can acquire defendant's interests in the land, is by payment to the defendant or to the register in chancery. The payment to the auditor general was therefore unauthorized, and in no way reduced defendant's claims. Complainant urges, against this construction of

the statute, that it, in effect, repeals section 74 of the tax law (see 1 Comp. Laws, § 3897, as amended by Act No. 262, Pub. Acts 1899), which gives the owner the right to redeem from a sale for the nonpayment of taxes on the payment of the amount for which the land was sold, and interest at the rate of 12 per cent. We do not think that the effect of this construction is to repeal section 74. It is true, it makes that section inapplicable where the tax for which the land was sold has been paid by a purchaser of the title of the State. This is not inconsistent with the terms of the section itself. If any one having an interest in the land had paid this tax after the land had been sold, no other party in interest would have a right to redeem. Complainant has no more right to redeem from that sale than he has to pay to the auditor general the tax for the year 1893. Defendant has paid to the State the tax for the year 1899, as well as the tax for the year 1893.

It results from this reasoning that the decree of the court below should be affirmed, with costs.

The other Justices concurred.