| | |
|---|---|
| 136 | 247 |
| 143 | 622 |
| 143 | 624 |
| 144 | 56 |
| 136 | 247 |
| 145 | 24 |
| 145 | 26 |
| f145 | 28 |
| 136 | 247 |
| 146 | 209 |
| 136 | 247 |
| f151 | 266 |
| 136 | 247 |
| 155 | 322 |
| 155 | 325 |

## MONAGHAN v. AUDITOR GENERAL.[1]

STATE TAX LANDS—SALE—REDEMPTION BY OWNER.

Relator was the owner of the original title to certain lands sold as State tax lands and as delinquent lands at the same sale. (1 Comp. Laws, §§ 3902, 3903.) Before the expiration of the period of redemption for the delinquent lands (1 Comp. Laws, § 3897), he applied to the auditor general to redeem as against the State tax bids and title as well as the delinquent purchase. *Held*, on review of the various provisions of the statutes, that State tax lands sold by the county treasurer at the annual tax sale are subject to redemption by the owner within the time fixed for redemption of delinquent lands.

*Mandamus* by John Monaghan to compel Perry F. Powers, auditor general, to permit relator to redeem from a tax sale. Submitted March 1, 1904. (Calendar No. 20,374.) Writ granted March 29, 1904.

*O'Brien & Francis*, for relator.

*Charles A. Blair*, Attorney General (*Charles W. Mc-Gill*, of counsel), for respondent.

HOOKER, J. Section 79 of the tax law (1 Comp. Laws, § 3902) provides for the notice and sale of "tax lands held by the State," commonly known as "State Tax Lands," at the time and place of the annual tax sales. Section 80 (1 Comp. Laws, § 3903) provides that bidders upon such sale shall be required to purchase the land at delinquent sale, if it is on the list of delinquent lands. Section 81 (1 Comp. Laws, § 3904) provides for the issue of a certificate of sale in the same form as that prescribed in section 71 (1 Comp. Laws, § 3894) for purchasers at delinquent sale. This certificate provided for by section 71 recognizes the right of redemption. Section 82 (1 Comp.

---

[1] Rehearing denied December 22, 1904.

Laws, § 3905) (still treating of "tax lands held by the State") provides that:

"After the period of redemption provided for in this act shall have expired, the auditor general, on presentation and surrender of such certificate, shall issue to the purchaser, his heirs or assigns, a deed of conveyance, except when the same has been redeemed, or has been bid off to the State for another tax; and, in case of redemption, the amount of the redemption shall be paid to such person: *Provided*, that such deed shall have the same force and effect as is given by section seventy-two of this act."

The land in controversy in this suit was sold as State tax land and as delinquent land at the same sale. Before the expiration of the period of redemption according to section 74 (1 Comp. Laws, § 3897), the owner of the original title applied to the auditor general to redeem, claiming the right to redeem as against the State tax bids and title as well as the delinquent purchase, and deposited with the application an amount sufficient to cover the entire purchase price, charges, and penalties. The auditor general refused the application, claiming that there could be no redemption from a purchase under sections 80 and 81, and that there could be no redemption even from the sale under section 70 (1 Comp. Laws, § 3893), and wrote to relator that "the time for redemption has expired absolutely on lands held as State tax land, whether sold at the county treasurer's office or this department." Thereupon relator applied for a *mandamus* to compel acceptance of the offer to redeem. In his answer the auditor general disputes the construction claimed for sections 80, 81, and 82 as repugnant to the entire scheme of the tax law.

The attorney general claims that, by the expiration of redemption, the State, by its purchase, became vested with absolute title, and that its vendee took a similar title. We may concede the first of these propositions without being compelled to admit the latter. The purchaser takes such title as the law prescribes, and subject to such conditions as the law makes. The State, holding the lands as

State tax lands, provides for their sale by the auditor general at private sale, or by the county treasurer at the annual tax sale. The latter is subject to a similar right to redeem as in other cases. See sections 80–82. The deed cannot pass until the usual period of redemption expires, and meantime the right to redeem at the auditor general's office exists, as provided for delinquent sales under section 74. This is evidenced by the provisions of section 79, which subjects the purchaser to the provisions of section 70; by section 81, which requires a certificate similar to that provided by section 71; by section 82, which precludes the issue of a deed until the period of redemption provided by the act expires, and this period must be that mentioned in section 74, because the act provided for no other when it was passed. The State has seen fit to attach these conditions to its sale of its State tax lands, and the purchaser cannot complain.

It is said that it attaches no right of redemption to lands sold by the auditor general at private sale, and we are cited to the case of *Cheever* v. *Flint Land Co.*, 134 Mich. 604 (96 N. W. 933), in support of the statement. In such cases the State has not seen fit to make such a provision, and therefore the right to redemption under section 74 does not exist. We have no doubt that the legislature has power to provide for withholding deeds and allowing redemption even in those cases. In fact, it practically does, for sections 140–142 (1 Comp. Laws, §§ 3959–3961) place them in the same class as purchases at delinquent sales, by withholding a writ of assistance until after notice and an opportunity for redemption. These sections have been added to the law since 1896. The policy of the State has always been to favor the landowner in the matter of redemption of land sold for taxes, and the sections discussed in this opinion are in line with such policy; and the fact that the State permits redemption, or a repurchase, as a condition of its sales of land for taxes, does not necessarily affect the character of its title to State tax lands, which it may perhaps sell under other laws, and convey a perfect

title, unincumbered by anything in the nature of a right to redeem or repurchase.

The writ will issue as prayed.

MOORE, C. J., CARPENTER and MONTGOMERY, JJ., concurred. GRANT, J., took no part in the decision.