REED *v.* AUDITOR GENERAL.

1. STATUTES—TITLES—TAX LAW.
   The provision of Act No. 229, Pub. Acts 1897, amendatory of Act No. 206, Pub. Acts 1893, providing six months' grace to the original owner of lands sold to the State for taxes and conveyed to private parties, is germane to the title of the act of which it is an amendment.

2. SAME—DUAL TITLE.
   The title of Act No. 206, Pub. Acts 1893, is not dual.

3. SAME—AMENDMENTS—RE-ENACTMENT OF SECTIONS AMENDED.
   Sections of a statute that are affected by an amendatory act not amending them in terms need not be re-enacted as amended.

4. CONSTITUTIONAL LAW—VESTED RIGHTS—TAX TITLES.
   A statute giving original owners of lands sold for taxes and conveyed to private parties six months' grace for redemption interferes with no private property right, since one who buys a conditional title is in no position to complain of the conditions.

Mandamus by Oswald H. Reed to compel James B. Bradley, auditor general, to issue a tax deed. Petition filed August 17, 1906. (Calendar No. 21,937½.) Order to show cause denied October 29, 1906.

*Oswald H. Reed,* in pro. per.

PER CURIAM. The relator by this application brings in question the constitutionality of Act No. 229, Pub. Acts 1897, which by an amendment to the tax law provides in effect for six months' grace to the original owner of lands sold to the State for taxes and conveyed to private parties. It is contended that the provisions of the amendatory act are not germane to the title of the original act. Act No. 206, Pub. Acts 1893. The title to the original act relates, not alone to the levy and collection of

taxes, but to "the sale and conveyance of lands delinquent for taxes, and for the inspection and disposition of lands bid off to the State and not redeemed or purchased." Unless this title is broad enough to admit of provisions authorizing a sale of State tax lands by the auditor general, the relator has and can acquire no title to the land which he claims to own. If, on the other hand, it is sufficiently broad for this purpose, a provision in an amendment which fixes the terms of such sale, and characterizes the title acquired thereunder, is clearly germane to the title and subject dealt with.

The contention that the title is dual is answered by the same considerations.

The contention that certain sections of the original act which are affected by the sections added by the amendatory act should have been re-enacted as amended is fully answered by the two cases of *People* v. *Wands*, 23 Mich. 385, and *Swartwout* v. *Railroad Co.*, 24 Mich., at page 399. There is no infringement of private property rights by this provision. The State may provide for this measure of protection to delinquent owners, and one who buys a conditional title is not in position to complain of the conditions. *Monaghan* v. *Auditor General*, 136. Mich. 247; *John Duncan Land & Mining Co.* v. *Rusch*, 145 Mich. 1.

The application is denied.