GRAND HAVEN ARBEITER UNTERSTUTZUNGS VEREIN *v.* SOULE.

1. TAXATION—EQUITY PLEADING—BILL OF COMPLAINT.

A bill of complaint, filed for the purpose of removing a cloud from a title and to redeem from a tax sale, was improperly filed in the proceedings for a tax decree and sale instituted by the auditor general, and incorrectly entitled in that cause; it was not a bill of review and should have been entitled as an original bill and for purposes of the case will be so treated on appeal.

2. SAME—CONFIRMATION—RES JUDICATA—STATUTES.

After confirmation of a tax sale no objections lie to the regularity of the proceedings which are not open to collateral attack under Act No. 262, Pub. Acts 1899 (1 How. Stat. [2d Ed.] § 1839), except in case the taxes have been paid or the property is exempt; failure of the treasurer to adjourn the sale from day to day is not a valid ground of objection.

3. SAME—FILING OBJECTIONS.

If it is desired to object to the regularity of a tax sale, a notice in writing filed with the treasurer is insufficient, since the tax law requires objections to be filed within 28 days with the county clerk. 1 Comp. Laws, § 3893, as amended by Act No. 262, Pub. Acts 1899 (1 How. Stat. [2d Ed.] § 1839).

4. SAME—REDEMPTION.

Since the amendment of 1907, Act No. 34, the owner of lands appearing on both State tax land list and tax record, and sold by the county treasurer from both lists, is not entitled to redeem except by paying the hundred per cent. penalty upon the entire price paid, etc., and securing a reconveyance from the purchaser.

5. SAME—EQUITY—DEMURRER—PARTIES.

The objection that one of several defendants was improperly made a party cannot be raised by general demurrer, and no appeal lies from an order overruling it.

Appeal from Ottawa; Cross, J. Submitted January 16, 1913. (Docket No. 130.) Decided May 28, 1913.

Bill by the Grand Haven Arbeiter Unterstutzungs Verein against Charles E. Soule and others for removal of a cloud from complainant's title and to redeem from a tax sale. From a decree overruling a demurrer to the bill, defendant Soule appeals. Reversed.

*Dan F. Pagelsen (Walter I. Lillie,* of counsel), for complainant.

*Soule & Soule,* for defendant Soule.

KUHN, J. The amended bill of complaint in this cause was filed to remove a cloud from the title of land and to redeem from a tax sale. It attacks the validity of a county treasurer's sale and was entitled:

"In the matter of the petition of the auditor general of the State of Michigan, for and on behalf of said State, for the sale of lands delinquent for the taxes of 1909, Ottawa county, Mich."

By demurrer the defendant Soule raises the question that the bill of complaint, being filed in the tax sale case, is a bill in the nature of a bill of review, and that, having been filed without leave of court, it should be dismissed by virtue of Chancery Rule 27. The bill does not seek to review any of the proceedings which led up to the decree, nor does it attack the decree, and so it could not properly be said to be a bill in the nature of a bill of review. 3 Enc. of Pl. and Prac. p. 570.

No proceedings are questioned, except the manner of sale and the right to redeem, and although we consider it improper to have filed this bill in another proceeding, as it should have been filed as an original bill, for the purposes of this case we shall consider it as such.

The bill recites that the sale commenced on May 7, 1912, and on May 9, 1912, Charles E. Soule went into the county treasurer's office and bought the land de-

scribed in the bill, in the name of Lewis H. Blanchard, at private sale, for the taxes of 1908 from the State list, and for 1909 from the advertised list, at private sale, and received a certificate for the 1909 and also for the 1908 tax, which was then on the so-called State list; that on the 7th day of May, there was no bid made on said lots; and that no adjournment of said sale was had, and no announcement of an adjournment was made. It is claimed that as a result the sale made on the 9th day of May was invalid.

There are no averments in the bill that objections were filed with the clerk to the confirmation of the sale before June 5th, the end of the eight-day limit provided by law, and as a result the sale stood confirmed. Section 70 of the tax laws (section 3893, 1 Comp. Laws; amended by Act No. 225, Pub. Acts 1897; amended by Act No. 262, Pub. Acts 1899) (1 How. Stat. [2d Ed.] § 1839), provides:

"That no sale shall be set aside after confirmation, except in cases where the taxes were paid, or the property was exempt from taxation."

In our opinion, the sale standing as confirmed, no objections can now be urged as to the regularity of the sale, with the exception of the cases enumerated in the statute.

A notice in writing was served on the county treasurer calling his attention to the claimed irregularity in the sale because of the so-called adjournment, and protesting against any one obtaining any rights because of the sale as made. This can have no legal effect, however, as the county treasurer had no other duties to perform but to make his report of the sale to the county clerk within 20 days, as provided by said section 70, and the objections should have been filed with the latter officer, if it was desired to take any advantage of the claimed irregularity.

Another question raised by the pleadings is whether,

under the law, the owner of land in Michigan can redeem from the sale thereof from the delinquent list without paying the 100 per cent. when said lands are also at the same time offered for sale from the State tax list. The land involved in this controversy being held on the State tax list for taxes of 1908 and on the tax record for the taxes of 1909 at the time of the annual sale for taxes at the office of the county treasurer in May, 1912, it was incumbent upon the purchaser to purchase from both lists at one and the same time; and, if this was not done, it was the duty of the county treasurer to reject the bid.

Section 70 of the tax law, *supra,* provides as follows:

"Provided, that if any parcel sold under the provisions of this section shall also be offered at the same sale as State tax lands, the purchaser must also at the same time become the purchaser from the State tax land list, and pay the taxes, interest and charges remaining unpaid thereon," for all years for which such land is held as State tax land.

Section 80 of the tax law (1 Comp. Laws, § 3903, 1 How. Stat. [2d Ed.] § 1850) provides:

"In all cases where a description of land is offered as State or county tax land, and the same description or any part thereof shall be offered in the list of lands delinquent for taxes, as provided in this act, the county treasurer shall inform the person bidding for the same of that fact, and such person shall be required to purchase said dscription at the same time, and if he refuses so to do, the treasurer shall refuse his bid, and shall again offer it as if no bid had been made thereon."

In the instant case, there was one sale and to the same individual. It is the claim of the defendant Soule that, as the lands sold were bought from both lists, the provision in the law with respect to redemption, which would apply if the land had only been sold for the taxes of 1909, does not apply, and the only remedy

the property owner has is under the reconveyance feature of the general tax law, viz., section 140 of the tax law *et seq.* Section 140 requires the owner, in order to obtain a reconveyance, to pay 100 per cent. and $5 per description in addition to the amount the purchaser was required to pay as a condition of his purchase. Section 141 (1 How. Stat. [2d Ed.] § 1912), which provides:

"The owner of the tax title, or of any and all such certificates of sale,  *  *  *  shall forthwith deliver to said register a release and quit claim of all rights acquired by him under said tax purchase, running to the person making such payment, and shall also de- liver to said register the tax deed, certificates of pur- chase, tax receipts, and all other conveyances relating to said tax title or tax interest before he shall be en- titled to receive the money paid to said register as herein provided"

—seems to make it apparent that the requirement above referred to applies to county treasurers' sales. The case of *Monaghan* v. *Auditor General,* 136 Mich. 247 (98 N. W. 1021), is relied upon by complainant, but since this decision, by Act No. 34, Pub. Acts 1907, sections 81 and 82 of the tax law were amended, leav- ing out the provisions for redemption upon which that decision was based. Section 81, as amended, no longer requires the certificate of the county treasurer upon payment of the purchase money to be issued "in such form as is prescribed by section 71," but provides that it shall be "in such form as the auditor general shall prescribe." The words, "after the period of re- demption provided in this act shall have expired," which appeared in section 82 at the time of the Monaghan decision, by the amendment of 1907 have been omitted. This section now reads:

"The auditor general or his deputy, on presenta- tion and surrender of such certificate, shall issue to the purchaser, his heirs or assigns a deed of convey-

ance, except when it shall appear that the land has been redeemed or the taxes paid prior to date of sale thereof: *Provided,* that such deed shall have the same force and effect as is given by section seventy-two of this act."

Under the law the owner might have redeemed for the taxes of 1908 at any time prior to the sale by the county treasurer in May, 1912, and if he had so redeemed a deed would not have issued. But in case of no such redemption and the taxes not being paid, as in the instant case, the auditor general was authorized by said section 82 to issue a deed immediately upon presentation of the certificate of purchase to that official. These amendments to the law eliminated the redemption after the date of the sale from both lists by the county treasurer, and the only redress the owner had was, under the reconveyance feature of the law already referred to, by paying the amount bid at the county treasurer's sale, adding thereto 100 per cent. and $5 for a description fee, as the land was sold as one description. Because of these amendments to the law, this case is brought within the ruling of this court in the case of *Cheever* v. *Land Co.,* 134 Mich. 604 (96 N. W. 933), where the following language was used:

"We do not think that the effect of this construction is to repeal section 74. It is true, it makes that section inapplicable where the tax for which the land was sold has been paid by a purchaser of the title of the State."

In case the land had not been sold at the county treasurer's sale, it would have thereafter been subject to private sale at the office of the auditor general under the provisions of section 84 of the general tax law (section 3907, 1 Comp. Laws; 1 How. Stat. [2d Ed.] § 1854).

The point is made that Mr. Soule is not a proper party defendant, but this cannot be raised by general

demurrer; misjoinder of parties being properly the subject of special demurrer, from which no appeal can be taken. Story's Equity Pleadings, § 527; *Kerr v. Rupp*, 144 Mich. 269 (107 N. W. 1059). The complainant has not stated grounds in its bill of complaint which entitles it to relief, and the demurrer of the defendant should have been sustained.

The decree of the court below is reversed, with costs.

STEERE, C. J., and MOORE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.